**STATE of Iowa, Plaintiff–Appellee,**

v.

**Jesse Winston LANGE, Defendant–Appellant.**

No. 12–1063.

Court of Appeals of Iowa.

April 10, 2013.

F. David Eastman of Eastman Law Office, Clear Lake, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Steven D. Tynan, Assistant County Attorney, for appellee.

Considered by VOGEL, P.J., and POTTERFIELD and DOYLE, JJ.

DOYLE, J.

Jesse Lange appeals from a five-year prison sentence imposed after his probation and deferred judgment were revoked. He claims the district court did not properly consider all evidentiary factors in revoking his deferred judgment and in imposing the prison sentence. We affirm.

## I. Background Facts and Proceedings.

In November 1996, Lange pled guilty to a charge of extortion, a class "D" felony, in violation of Iowa Code section 711.4 (1995). In December 1996, he received a deferred judgment and was required to serve two years of supervised probation as a condition of the deferred judgment. Lange requested his probation be transferred to Minnesota. Transfer was not completed.

On January 27, 1997, Lange was arrested in Moorhead, Minnesota, and charged with "minor consumption, disorderly conduct, obstruct legal process, and criminal damage to property."[1] He was subsequently convicted for the offenses of minor consumption and obstructing legal process. Minnesota would not accept transfer of Lange's probation because of the new criminal charges he accrued. In March 1997, the State alleged Lange violated the provisions of his probation and requested it be revoked. Lange appeared at the May 1997 revocation hearing. His probation was not revoked but Lange was found

---

1. Presumably "minor consumption" was consumption of alcohol by a minor, and "obstruct legal process" was obstructing legal process.

in contempt and sentenced to two days in jail, which he served in July 1997.

A second attempt was made to transfer probation to Minnesota. Minnesota rejected transfer because Lange's whereabouts were unknown. Lange did not stay in contact with his Iowa probation officer. In December 1997, the State again requested that Lange's probation be revoked for his violations of the provisions of his probation. A warrant was issued for Lange's arrest after he failed to appear at the scheduled probation revocation hearing. The record is not crystal clear, but it appears Lange was then arrested on the outstanding warrant after a traffic stop in South Dakota. Lange spent three days in jail, but extradition did not occur, and he was released.

Lange was again arrested in January 2001, and he bonded out of jail. The hearing on his probation revocation was rescheduled at Lange's request, and an arrest warrant was again issued after Lange failed to appear at the rescheduled hearing. Lange was out of contact with his probation officer from 2001 to 2012.

In February 2012, Lange was arrested in Minneapolis on the outstanding warrant. Drugs and drug paraphernalia were found during an inventory search of his belongings at the jail. He was charged with possession of a controlled substance (methamphetamine), a felony.

Lange was then transported back to Iowa. The State filed a supplemental and addendum application for probation revocation noting additional violations of probation by Lange. At the April 2012 hearing, Lange requested to represent himself. The court accepted his waiver and discharged his court-appointed attorney. The court concluded Lange had violated his conditions of probation as alleged by the State in that he "absconded, essentially since the time of the sentencing hearing,

and he has incurred law violations since the sentencing hearing." The court set a dispositional hearing for a later date.

Lange was represented by counsel at the May 30, 2012 dispositional hearing. The court found Lange had violated the terms of probation as previously determined by the court at the April hearing. The court revoked Lange's deferred judgment and sentenced him to a five-year prison sentence.

Lange now appeals.

## II. Violations of the Iowa Rules of Appellate Procedure.

We first address an issue raised by the State—that Lange's brief is riddled with numerous violations of the rules of appellate procedure. For example, Lange's routing statement, indicating whether the case should be retained by the supreme court or transferred to this court, is insufficient as it makes no reference to applicable criteria in Iowa Rule of Appellate Procedure 6.1101. *See* Iowa R.App. P. 6.903(2)(d). Lange's statement of the case is deficient in that it (1) makes no reference to the crime for which he was convicted, and (2) is not supported by appropriate references to the record or appendix. Iowa R.App. P. 6.903(2)(e). Lange's statement of issue preservation is deficient as it makes no reference to the places in the record where the issue was raised or decided. Iowa R.App. P. 6.903(2)(g)(1). Furthermore, Lange states "[t]he trial court error alleged in this case was preserved by the timely filing of a Notice of Appeal." "While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L.Rev.

39, 48 (Fall 2006) (footnote omitted). Citation to authorities was deficient. Iowa R.App. P. 6.904(2)(a) (Requiring that when citing cases, reference must be made to the volume and page where the opinion may be found in the National Reporter System and when referring to a particular point within an authority, the specific page or pages relied on shall be given).

 We do not mention the transgressions out of a fit of crankiness, nor do we single out Lange's brief, for it is not unique in this respect. Rule infractions are not a trivial matter. A party's disregard of the rules may lead to summary disposition of the appeal or waiver of an issue. *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 239–40 (Iowa 1974). Additionally, we refuse to assume a partisan role and undertake a party's research and advocacy when a party's failure to follow the rules would require us to do so to reach the merits of the case. *Id.* at 240. Furthermore, this court's principal role is to dispose justly of a high volume of cases. Iowa Ct. R. 21.30(1).[2] A party's noncompliance with the rules of procedure hinders our effort to meet this mandate. On the other hand, observance of the rules promotes judicial efficiency because uniformity and consistency ease navigation and analysis of the thousands of briefs the court makes it way through each year.

The State suggests we give Lange's brief no consideration. We decline the invitation, and despite any shortcomings of Lange's brief, we address his contentions.

### III. Evidentiary Findings.

 Lange contends the district court's findings are inadequate with regard to the basis for revoking his deferred judgment and imposing a prison sentence. He concludes that it is "impossible to tell from the record whether or not the court properly considered all of the factors that were presented with regard to [his] history." So, he suggests the court did not take into consideration his "favorable record" over the sixteen years he absconded. We find no merit to his contentions. In making its findings, the district court stated:

It is clear that supervision has not been successful in regard to the most basic part of supervision, which is signing up for supervision and keeping in contact with the probation officer, which, Mr. Lange, you haven't done. After [the] contempt period, you still didn't do it, which went ahead and brought [it] to attention at that time period in 1997, I think it was. At the time that this—it wasn't a judgment but at the time that the order was entered, the court granted a deferred judgment, which is a grace and not required. You weren't able to follow through with the conditions that were placed on you at that time, so I'm revoking your deferred judgment. I am taking into consideration the comments that you have made for your allocution; for the same reasons, that I think that supervision has proved to be [woefully inadequate] to monitor you, I am imposing a term that's indeterminate and not to exceed five years in the Iowa prison system, that is not suspended, because I don't think supervision has been or will be appropriate or successful.... And I don't see that payment of a fine would have any effect in regard to the goals of sentencing which are your rehabilitation, protection of society, or deterrence.

The "favorable record" referred to by Lange consists solely of his testimony: "So I just went about my life, not breaking the law or doing anything but having a job for six years and then another job for six

**2.** Renumbered as rule 21.11, effective May 3, 2013.

years and having a girlfriend for [thirteen] and having—now I have a child on the way." He refers us to no other "favorable" evidence. Under the circumstances presented, "favorable" is a rather generous characterization of his record. Months after he received his deferred judgment, he accrued additional charges in Minnesota and was convicted of "minor consumption and obstructing legal process." As a result of a probation violation, Lange was found in contempt of court and sentenced to two days in jail. In January 2012, Lange was arrested again in Minnesota, this time on a felony drug charge. Lastly, contrary to Lange's assertion, the record reflects the district court did take into account Lange's history. The court specifically stated: "I am taking into consideration the comments that you [Lange] have made for your allocution." We therefore find no merit in Lange's contention the court failed to take into consideration "all evidentiary factors" in revoking his deferred judgment.

To the extent Lange criticizes the court's imposition of a five-year sentence; we find no abuse of discretion. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720,

724 (Iowa 2002). Abuse of discretion occurs only when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

Generally, courts may consider a variety of factors to justify the imposition of a sentence, including rehabilitation of the defendant, protection of the community from further offenses by the defendant and others, Iowa Code § 901.5, the defendant's age and criminal history, the defendant's employment and family circumstances, the nature of the offense, and "such other factors as are appropriate." Iowa Code § 907.5.

*State v. Bentley*, 757 N.W.2d 257, 266 (Iowa 2008). Lange does not suggest the district court considered inappropriate factors, nor does he claim the court failed to provide adequate reasons for the sentence imposed. We find no abuse of discretion by the district court in imposing the sentence. We therefore affirm the district court's revocation of Lange's deferred judgment and imposition of prison sentence.

**AFFIRMED.**