# IN THE COURT OF APPEALS OF IOWA

No. 18-0523
Filed December 19, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHAD L. ERWIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Patrick A. McElyea,

Judge.


        Chad Erwin appeals his conviction for operating a motor vehicle without the

owner's consent.  **AFFIRMED.**


        Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


        Considered by Danilson, C.J., Doyle, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**DOYLE, Judge.**

Chad Erwin appeals his conviction for operating a motor vehicle without the owner's consent. Before the start of trial and after Erwin's attorney spoke to Erwin about a waiver of reporting, Erwin asked the trial court to explain what waiving reporting of the jury selection proceedings would mean. The court informed Erwin:

> You have a right to have jury selection, the verdict reading, all of the proceedings recorded. Okay? In all honesty, it's very difficult to report jury selection because oftentimes people are talking at the same time, and the court reporter, although she's very talented, can only take down one person at a time.
> . . . .
> And we also have to then announce names. Sometimes a microphone might need to get passed around if it's hard to hear people. Logistically it can be very difficult. It can take a little bit longer. It can make it more difficult to pick a jury sometimes. That's typically why your attorney presents that waiver. Now, that being said, you have every right to have that. You're not waiving any right to a trial or to have the jury present, or anything along those lines. It just means that that selection process won't be taken down by a court reporter. Now, if something does happen where we need to speak with a juror individually or there's an issue that arises, we can always ask the court reporter—we can come into chambers and we can go into another room in the courthouse and we can make another record about that so that your rights are preserved.

Satisfied with the explanation, Erwin then signed a written waiver of reporting.

During the jury selection, concerns arose about potential juror's ability to remain fair and impartial. Because the jury selection proceedings were unreported, the trial court later explained on the record what occurred:

> Just to summarize, we held a conference with [the potential juror] in chambers, outside the presence of the [other] prospective jurors and off the record. She voiced some concern or inability to necessarily be fair and impartial, had a negative experience with some family members and law enforcement and courtroom proceedings, et cetera; and, through the questioning of counsel, did not feel like she could be fair and impartial. The State moved to strike her for cause and the defendant objected. The Court found that she was not going

to be fair and impartial, or presented an issue about being fair and impartial, and granted the motion by the State.

When given a chance to add to the record, the prosecutor stated:

> I would just add that I believe that the prospective juror had voiced that a family member had been wrongfully convicted in her mind, and I believe she directly stated that unless she had observed the defendant herself commit a crime, she would not find him guilty. She felt that there had been significant evidence against her brother which was—anyway, she felt that her brother was still innocent, and so she had directly stated that unless she observed the defendant committing the crime, she would not convict him.

Erwin's attorney stated, "it was just in our opinion and the argument that we made in chambers was that the defense felt like that was just reasonable doubt."

Erwin now argues that the trial court's failure to ensure reporting of the individual conference with the potential juror violated his constitutional right a fair trial. In his brief, Erwin erroneously states error was preserved by his timely filing of a notice of appeal.

> However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation. In fact, the two concepts are mutually exclusive. As a general rule, the error preservation rules require a party to raise an issue in the trial court and obtain a ruling from the trial court.

Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L.Rev. 39, 48 (Fall 2006) (footnotes omitted); *see also, e.g. State v. Lange*, 831 N.W.2d 844, 846-47 (Iowa Ct. App. 2013) (citing article).

Although he concedes that he waived reporting of the jury selection, Erwin notes that before doing so, the trial court assured him that he could make a record to preserve any issues that arose during jury selection for appeal. However, Erwin

never requested reporting of the discussion with the potential juror or raised any objection to the trial court concerning the lack of reporting. Accordingly, he failed to preserve this claim for our review. *See State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997) ("Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal.").

**AFFIRMED.**