## IN THE COURT OF APPEALS OF IOWA

No. 18-1370
Filed September 11, 2019

**EDDIE ADAMS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter,

Judge.

Eddie Adams appeals from an order denying him postconviction relief.

**AFFIRMED.**

Joey T. Hoover of Hoover Law Firm P.L.L.C., Epworth, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

In this postconviction-relief (PCR) appeal, Eddie Adams contends his trial counsel and PCR counsel were ineffective. After a de novo review, *see Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012), we find no merit to Adams's arguments. We affirm the PCR court's order denying Adams relief.

A jury found Adams guilty of first-degree robbery, possession of an illegal firearm, and possession of a firearm as a felon. *State v. Adams*, No.11-1210, 2013 WL 4502303, at *1 (Iowa Ct. App. Aug. 21, 2013). We affirmed his judgment and sentence. *Id*. at *7. Adams applied for PCR claiming his trial counsel was ineffective in many ways, including failure to object to the trial court's *Allen* charge[1] to the jury and failure to have his DNA expert conduct her own analysis of the evidence.

In addressing the DNA expert issue, the PCR court determined,

> Adams claims his DNA expert should have conducted his/her own analysis of the evidence. The opinion from the Court of Appeals mentions very briefly "the prosecutor's comment on the fact that his (Adams) DNA expert did not independently test the materials that the State's expert tested." On appeal, this issue was raised as an allegation of prosecutorial misconduct. [Trial counsel] says he hired a DNA expert from St. Louis. No further evidence was presented to this court regarding the DNA issue, and whether independent testing would have made any difference. Based upon the record, it would be pure speculation for this court to assume that either the testing by the State's expert was inaccurate or incorrect, or that independent testing by Adams's expert would have revealed any different findings.

---

[1] The common name for verdict-urging or "dynamite" instructions comes from *Allen v. United States,* 164 U.S. 492, 501 (1896).

The PCR court did not address the *Allen* charge issue. Adams's PCR counsel did not ask the court to expand its order. Adams appeals the court's denial of his PCR application.[2]

To succeed on an ineffective-assistance claim, a PCR applicant must establish that counsel breached a duty and prejudice resulted. *See Lamasters*, 821 N.W.2d at 866. We may affirm a ruling rejecting an ineffective-assistance claim if either element is lacking. *See id.*

Adams first contends his trial counsel was ineffective for failing to have his DNA expert independently test the evidence. To meet the prejudice prong of ineffective assistance of counsel one must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citation omitted). Asserting the error "conceivably could have influenced the outcome" of the proceeding is not enough. *Id.* (citation omitted); *see also Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (claiming defense counsel did not fully investigate a case requires an applicant to state what an investigation would have revealed or how anything discovered would have affected the result of the trial); *Grayson v. State*, No.17-0919, 2018 WL 347552, at *1 (Iowa Ct. App. Jan. 10, 2018) ("Mere speculation as to the existence of exculpatory evidence is insufficient to show such evidence probably would have

---

[2] Adams states he preserved error by timely filing a notice of appeal. As we have stated time and time again (more than fifty times since our published opinion of *State v. Lange*, 831 N.W.2d 844, 846-47 (Iowa Ct. App. 2013)), the filing of a notice of appeal does not preserve error for our review. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation."). That said, error preservation is uncontested here.

changed the outcome of trial."). Adams does not even suggest more DNA testing of the evidence would have changed the outcome of his criminal trial. Rather, he asserts "[b]y the time the PCR came around the items were no longer around to test," so we should overrule precedent and allow him a new trial so he can argue spoliation to the jury. We decline to do so.

His allegation that the evidence was no longer around to test is not supported by a reference to the record. *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring references to the pertinent parts of the record in accordance with rule 6.904(4)). We need not search a record to verify unreferenced facts. *See Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 866 (Iowa 2001). Even so, we found nothing in our review of the record to support Adams's allegation the items were unavailable for testing at the time of the PCR proceedings. But even if the items were unavailable for testing, Adams fails to show that the State deliberately destroyed the evidence—a requirement that he must prove by substantial evidence before the court gives a spoliation instruction. *State v. Hartsfield*, 681 N.W.2d 626, 630 (Iowa 2004). Adams's argument on this issue fails.

Next, Adams argues his PCR counsel was ineffective for not moving for expanded findings of facts and conclusions about the legality of the *Allen* charge. In his PCR application, he alleges his trial counsel was ineffective by failing "to object to the trial court's *Allen* charge to the jury after seven days of deliberation." Adams did not raise the *Allen* charge issue during the PCR trial, and the PCR court did not address the issue in its order. PCR counsel did not file a rule 1.904(2) motion asking the court to expand it ruling. Ordinarily, such failures waive

appellate review. But Adams raises the issue as ineffective assistance of PCR counsel, which he may do for the first time on appeal. *Dunbar*, 515 N.W.2d at 16. If the record does not allow resolution of a claim of ineffective assistance of PCR counsel raised for the first time on appeal, the proper mechanism is for an applicant to file a separate PCR application in the district court. *See Goode v. State*, 920 N.W.2d 520, 526-27 (Iowa 2018). We find the record sufficient here to decide the issue.[3]

Adams's argument hinges on an exchange during the deposition of his trial counsel. PCR counsel noted Iowa case law disfavors the *Allen* charge instruction and Adams's trial counsel responded, "I'm aware of that now. I was not aware of it at the time of trial." From there he argues:

> Yet, when the District Court failed to address this issue of the *Allen* Charge, the Post- Conviction Counsel did not file a motion to expand findings of facts and conclusions. In fact, the Post-Conviction Counsel failed to even state to the Judge how the *Allen* Charge was defective despite having the Trial Attorney's agreement that *Allen* Charges were not favored.

---

[3] At the end of testimony at the PCR trial, the State's attorney asked the court to take judicial notice of "the file." Adams's attorney said, "We just intend to submit the matter to the court based on the record." The court inquired of the State's attorney, "[A]nything else you want me to read or consider?" The State's attorney responded, "We would only ask that the Court, obviously, take judicial notice of the transcript. I don't expect the Court to read 2600 pages of transcript, but the references I made in my resistance are to the specific pages. That's all." The court said, "Okay. And I'll do that for both parties. Any argument or any reference made to the transcript, I'll go back and refer to the transcript to find those—those actual statements in the transcript." Adams's attorney then responded, "No argument, judge. We intend to submit the matter on the record again." We believe this to be sufficient for us to consider the criminal file as part of the record before us. The district court transmitted the criminal court record to the supreme court along with the PCR record.

Adams requests that "[t]he issue should be remanded back to the District Court for further proceedings and have a full evidentiary hearing on whether or not the *Allen* Charge was in fact deficient." We decline to do so.

Adams does not bother to tell us what happened at the trial. He cites no part of the criminal court record. He identifies no instructions given, only assumes the court gave an *Allen* instruction at trial. He makes no claim the instruction, if in fact given, was deficient in some way that would warrant granting a new trial in his case. We could outright reject his claim, for we need not do PCR appellate counsel's work. *See Venckus v. City of Iowa City*, 930 N.W.2d 792, 806 (Iowa 2019). Judges are not like pigs, routing for meritorious truffles buried in the record. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *see also Brown v. Allen*, 344 U.S. 443, 537 (1953) ("He who must search a haystack for a needle is likely to end up with the attitude that the needle is not worth the search."). Presumably to avoid a summary rejection of his claim, Adams asks us to remand for a full evidentiary hearing to determine whether the instruction was deficient. With the record in front of us, a remand is unnecessary for disposition of the claim.

Electing to stave off another PCR proceeding based on waiver of the argument, we plow forward. Adams's criminal trial began on May 10, 2011. The jury began deliberating the morning of May 25. In the afternoon of May 26, the jury sent a note stating it was deadlocked on the attempt-to-commit-murder charge. The note the judge sent back stated, "Please return refreshed in the morning." The jury went home for the evening and returned the next morning to deliberate. Again, the jury sent a note saying it was still deadlocked on the attempted-murder charge. The judge sent a note back asking about the other

three counts. The jury informed the court, through the court attendant, that it had reached unanimous verdicts on counts II, III, and IV. The judge asked the jury to look through the instructions for another hour. After the noon hour, the jury informed the court that it had unanimous decisions on all charges. The jury found Adams guilty on all four counts.

We can hardly construe the court's note to the jury to return refreshed in the morning or to look through the instructions for another hour as *Allen* verdict-urging instructions.[4] Because the record contradicts Adams's claim the court gave the jury an *Allen* instruction, his argument has no merit.

We affirm the PCR court's order denying Adams PCR.

**AFFIRMED.**

---

[4] For a typical *Allen* charge instruction, *see, e.g.*, *State v. Wright*, 772 N.W.2d 774, 776 (Iowa Ct. App. 2009); *State v. Parmer*, No. 13-2033, 2015 WL 2393652, at *6 (Iowa Ct. App. May 20, 2015); *State v. Power*, No. 13-0052, 2014 WL 2600214, at *4 (Iowa Ct. App. June 11, 2014).