# IN THE COURT OF APPEALS OF IOWA

No. 19-0876
Filed May 13, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BROCK ANTHONY WING,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan,

Judge.

Brock Wing appeals his convictions after pleading guilty to interference with

official acts using a firearm and possession of a controlled substance, second

offense. **AFFIRMED.**

Nicholas Einwalter, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee.

Considered Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

Brock Wing appeals his convictions after pleading guilty to interference with official acts using a firearm and possession of a controlled substance, second offense.[1] He contends his trial counsel was ineffective in failing to file a motion in arrest of judgment because his plea was not knowing and voluntary based on his erroneous belief that he was eligible for a deferred judgment.[2] *See State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017) (stating a defendant's failure to file a motion in arrest of judgment waives right to challenge guilty plea on direct appeal unless it results from ineffective assistance of counsel). We review his claim de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

To succeed on a claim of ineffective assistance of counsel, Wing must show counsel breached a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Counsel breached an essential duty by failing to file a motion in arrest of judgment if Wing's plea was not knowing and voluntary. *See State v. Straw*, 709 N.W.2d 128, 134 (Iowa 2006). To prove prejudice, Wing must show a reasonable probability that he would not have entered a plea and would have insisted on going to trial had counsel performed adequately. *See id.* at 138.

---

[1] In a common assertion, Wing states error was preserved by timely filing a notice of appeal. As we have stated time and time again (more than fifty times since our published opinion of *State v. Lange*, 831 N.W.2d 844, 846-47 (Iowa Ct. App. 2013)), the filing of a notice of appeal does not preserve error for our review. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation.").

[2] Recent amendments to Iowa Code chapter 814 (2020) that limit a defendant's right to appeal do not apply to cases pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

Wing alleges he pled guilty after his first counsel improperly advised that Wing was eligible for a deferred judgment. It was not until after the court accepted his plea and Wing obtained new counsel that the parties learned he was ineligible. Wing's new counsel did not move in arrest of judgment based on prior counsel's misinformation, nor did counsel make a record at the sentencing hearing.

If a defendant enters a plea based on misinformation regarding the possibility of deferred judgment, the plea is not knowing or voluntary. *See Meier v. State*, 337 N.W.2d 204, 207 (Iowa 1983). But there is no record indicating what counsel told Wing about the possibility of a deferred judgment or how it influenced Wing's decision to plead guilty. As is often the case, the record is insufficient to allow us to resolve Wing's claim on direct appeal. *See State v. Petty*, 925 N.W.2d 190, 196 (Iowa 2019). We preserve the issue for postconviction relief to allow full development of the record. *See id.*

**AFFIRMED.**