# IN THE COURT OF APPEALS OF IOWA

No. 19-1340
Filed August 19, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHANE CRIPPEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Thomas P. Murphy,

Judge.


        Shane Crippen appeals the denial of his motion for new trial.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.


        Considered by May, P.J., Greer, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**MAY, Presiding Judge.**

Shane Crippen was convicted of first-degree theft, first-degree eluding, and operating while intoxicated. On appeal, Crippen claims the district court should have granted a new trial on the theft charge. We affirm.

On March 28, 2019, Cody Pasa was at a convenience store filling up his truck. He went inside to pay for the fuel. Then Pasa looked outside and saw a man in a black hooded sweatshirt jump into his truck. Pasa ran out of the store and tried to stop the man. But the man drove off with Pasa's truck. Pasa notified police. Pasa described the man as a "white guy, skinny-ish" with "facial chin hair."

The next day, police located the truck. Police initiated a traffic stop, but the truck sped off. A high-speed chase ensued. Eventually, the truck got stuck in a ditch. The driver, later identified as Crippen, took off on foot into the woods. He was ultimately found and taken into custody.

A jury found Crippen guilty of theft, eluding, and operating while intoxicated. Crippen filed a motions for new trial and in arrest of judgment. The district court denied the motions and sentenced Crippen to prison. Crippen appeals.

On appeal, Crippen contends the district court should have granted a new trial on the theft charge. He claims the State failed to prove he knew the truck was stolen.

Under Iowa Rule of Criminal Procedure 2.24(2)(b)(6), the district court "may grant a new trial" if "the verdict is contrary to law or evidence." In *State v. Ellis*, our supreme court held this rule requires the trial court to apply a "weight-of-the-evidence" standard—*and not* the "sufficiency-of-the-evidence" standard that

governs motions for judgment of acquittal.[1]  578 N.W.2d 655, 658–59 (Iowa 1998).

The court explained:

> On a motion for judgment of acquittal, the court is required to approach the evidence from a standpoint most favorable to the government, and to assume the truth of the evidence offered by the prosecution.  If on this basis there is substantial evidence justifying an inference of guilt, the motion for acquittal must be denied.
>
> On a motion for new trial, however, the power of the court is much broader.  It may weigh the evidence and consider the credibility of witnesses.  If the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted.

*Id.* (quoting 3 Charles A. Wright, *Federal Practice and Procedure* § 553, at 245-48 (2d ed.1982)).

"Trial courts have wide discretion in deciding motions for new trial."  *Id.* at 659.  As the *Ellis* court cautioned, though, trial courts must "exercise this discretion carefully and sparingly."  *Id.*  "[F]ailure to follow" this admonition "would lessen the role of the jury as the principal trier of the facts and would enable the trial court to disregard at will the jury's verdict."  *Id.*  So, as the court said in *State v. Ary*, a trial court should "grant a motion for a new trial only in exceptional circumstances."  877 N.W.2d 686, 705 (Iowa 2016).

---

[1] The State points out there is "some ambiguity in the district court's explanation of its ruling between the correct *Ellis* standard and the incorrect sufficiency-of-the-evidence standard."  *See Ellis*, 578 N.W.2d at 658–59.  But the State contends the court "properly applied the *Ellis* standard" and, even if the wrong standard was applied, Crippen has not preserved error.

We are not sure the proper standard was applied here.  But Crippen does not raise the issue.  And we decline to make an argument for him.  *See State v. Lange*, 831 N.W.2d 844, 847 (Iowa Ct. App. 2013) ("[W]e refuse to assume a partisan role and undertake a party's research and advocacy when a party's failure to follow the rules would require us to do so to reach the merits of the case."); *cf. State v. Phillips*, No. 13-1402, 2014 WL 5243363, at *2 (Iowa Ct. App. Oct. 15, 2014).

We have found no "exceptional circumstances" here. Pasa testified his truck was stolen from a gas station in Norwalk. And Crippen, who lived in Des Moines, admitted he was in Norwalk on the day of the theft. The next day, police located Pasa's truck—and Crippen was driving it. Crippen fled from police. He led them on a high-speed chase  And when Crippen was finally caught, police testified, he was wearing a black hooded sweatshirt and had a goatee—like the man Pasa identified as the thief. It is true Crippen testified he did not even know the truck was stolen; instead, Crippen told the jury, he paid $20 to a Matt Martinez in exchange for the right to operate the vehicle "[f]or a few hours—couple hours." But officers testified that Crippen had claimed to have borrowed the truck from someone that he met in prison—and Crippen could not give the person's name.

From this record, we cannot conclude the district court abused its discretion by refusing to grant a new trial. So we affirm.

**AFFIRMED.**