# IN THE COURT OF APPEALS OF IOWA

No. 20-1655
Filed March 3, 2021

**IN THE INTEREST OF A.R. AND A.R.,**
**Minor Children,**

**O.S., Mother,**
 Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals the termination of her parental rights to her minor children. **AFFIRMED.**

Alexis R. Dahlhauser of Neighborhood Law Group of Iowa, P.C., West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Sarah E. Dewein of Cunningham & Kelso PLLC, Urbandale, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her minor children.[1]  At the time of the termination hearing, both children were under the age of three.  The mother does not challenge the sufficiency of evidence supporting the grounds for termination.  Instead, she contends termination is not in the children's best interests, the juvenile court should have invoked an exception to termination, and a guardianship would be appropriate.[2]

We review termination proceedings de novo.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  "We give weight to the factual determinations of the juvenile court but we are not bound by them.  Grounds for termination must be proven by clear and convincing evidence.  Our primary concern is the best interests of the child."  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (citations omitted).

We typically use a three-step process to review the termination of a parent's rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  First, we determine whether a ground for termination under section 232.116(1) has been established.  *See id.* at 472–73.  If a ground for termination has been established, then we consider "whether the best-interest framework as laid out in section 232.116(2) supports the

---

[1] Both the biological and legal fathers' parental rights were also terminated. Neither is a party to this appeal.

[2] In an all too common assertion, the mother states error was preserved by timely filing a notice of appeal.  As we have stated time and time again—more than sixty times since our published opinion of *State v. Lange*, 831 N.W.2d 844, 846-47 (Iowa Ct. App. 2013)—the filing of a notice of appeal does not preserve error for our review.  *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation.").  That said, error preservation is uncontested as to the issues raised on appeal.

termination of parental rights." *Id.* at 473 (citation omitted). Finally, we consider "whether any exceptions in section 232.116(3) apply to preclude termination of parental rights." *Id.* (quoting *In re M.W.*, 876 N.W.2d 212, 220 (Iowa 2016)). "However, if a parent does not challenge [any of the three] step[s] in our analysis, we need not address [them]." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020). The mother does not challenge the sufficiency of evidence supporting the grounds for termination. Instead, she contends termination is not in the children's best interests and the juvenile court should have invoked certain exceptions to termination.

So we turn to whether termination is in the children's best interests. In determining best interests, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). The "defining elements" are the children's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The whole of the mother's best-interests argument is: "O.S., by all accounts, loves her child[ren]. Termination was not in her children's best interests. She disputes the finding of the Court to the contrary." Such casual allusion to her opinion does not merit review. *See State v. Mann*, 602 N.W.2d 785, 788 n.1 (Iowa 1999) (explaining random mention of an issue, without elaboration or supporting authority, is insufficient to prompt an appellate court's consideration). To address the issue under these circumstances, we would be obliged "to assume a partisan role and undertake the appellant's research and advocacy." *Inghram v. Dairyland*

4

*Mut. Ins. Co.,* 215 N.W.2d 239, 240 (Iowa 1974); *Soo Line R.R. v. Iowa Dep't of Transp.,* 521 N.W.2d 685, 691 (Iowa 1994) ("random mention of [an] issue, without elaboration or supportive authority, is insufficient to raise the issue for [appellate] consideration"). But even if the mother had fleshed out this issue, it would not merit relief. Concerns about the mother's alcohol abuse, mental health, her ability to make good choices about the individuals around her, and domestic violence still remain. The district court found the mother had been offered extensive services to correct the circumstances that caused removal but had not remedied the issues that brought the children to the court's attention. The juvenile court observed:

> Mother did make efforts to engage in services but shortly after the extension was granted in February of 2020, stopped meaningfully engaging in services. Mother discontinued medication in March or April, failed to consistently attending therapy, started contacting placement at odd hours, law enforcement responded to her home at least four times in the last six months, she has made statements which indicate she is prostituting to support herself and the children, she continues to associate with unsafe persons who take advantage of her, and has failed to set appropriate boundaries with the fathers. Then on the eve of the Termination hearing, relocates to be closer to services, obtains employment, obtains a sponsor, attending therapy more consistently. However, Mother cannot wait to the eve of Termination to meaningfully engage in services. Further, when considering the entire case, Mother has only been able to consistently engage in services for a period of months before returning to prior unsafe behaviors.
> 　　Despite the extensive services offered, no parent has corrected the situation that lead to the removal and subsequent adjudication.

The court found termination of the mother's parental rights to be in the best interests of the children, reasoning:

> In assessing the best interests of the children, the Court looks at the long-term, as well as immediate, interests of the children. The children's safety is a primary consideration. Unfortunately, the safety concerns that led to removal continue to exist today. Children also need a long-term commitment from a parent to be appropriately

> nurturing, supportive of their growth and development, and who can meet their physical, mental, emotional and safety needs. The parents['] lack of consistent and meaningful participation in services show an inability or unwillingness to make necessary changes to have their children placed in their care. These children's future can be gleaned from evidence of the parent's past performance and motivations. It is not in these children's best interest to continue to suspend the crucial days of childhood while the parents experiment[] with ways to face up to their own problems. Further, our Appellate Court has held that when a parent is incapable of changing to allow the child to return home, termination is necessary. The children are currently placed with a family that meets the criteria of a long-term, nurturing home, and should not have to wait any longer for a permanent home.

(Citations omitted.) After our de novo review of the record, we agree with the juvenile court.

Next, the mother argues termination is unnecessary because the children are placed with relatives. Here, the children were placed in the temporary legal custody of the paternal grandparents, under Iowa Department of Human Services's (DHS) supervision. A court need not terminate a parent's parental rights when "a relative has legal custody of the child." Iowa Code § 232.116(3)(a). But the factor relied on by the mother is permissive, not mandatory, so the court is not required to apply it even if it has been established. *See A.S.*, 906 N.W.2d at 475 (noting the permissive nature of the factors in Iowa Code section 232.116(3)). Even if termination is appropriate, that decision "is not to be countermanded by the ability and willingness of a family relative to take the child." *Id.* (quoting *In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997)).

As the parent resisting termination, the mother bears the burden of proof to establish the permissive factor on which she relies. *See id.* at 476. The mother's entire argument on this issue is:

> The children were first placed with Maternal Grandmother and then transferred to the care of Paternal Grandparents, where they have been placed since. There exists a strong likelihood that this Mother will continue to have contact with the children due to the relative placement. A guardianship would both be appropriate. The transition from parent to family member, and hopefully back again to parent, is less stressful on a child because of the existing family relationship.

To the extent that the mother argues a guardianship with the relatives is appropriate, we note that "a guardianship is not a legally preferable alternative to termination." *Id.* at 477 (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). And foregoing termination would not promote stability or provide permanency for the children. *See In re R.S.R.*, No. 10-1858, 2011 WL 441680, at *4 (Iowa Ct. App. Feb. 9, 2011) ("So long as a parent's rights remain intact, the parent can challenge the guardianship and seek return of the child to the parent's custody."). As the juvenile court said,

> The parents have failed to present evidence to establish an exception to termination exists. After considering the children's very young age, their need for permanency, parents' lack of consistent contact, the length of time these issues have plagued the parents and their lack of meaningful response to services, the Court finds there are no legal exceptions in Iowa Code Section 232.116(3) which would argue against termination. Since, termination and adoption are the preferred methods of obtaining permanency for children who cannot be returned to a parental home, the Court finds termination is in the children's best interest.

(Citations omitted.) Upon our de novo review, like the juvenile court, we also find the mother has not met her burden to show relative placement should preclude termination. *See A.S.*, 906 N.W.2d at 476 (noting a relative had legal custody of the child, thus establishing the facts of the exception, but refusing to apply the exception because the parent "failed to meet her burden to establish that the

grandparents' temporary custody of the child should preclude termination of [the parent's] rights").

The DHS and guardian ad litem recommend termination. Because we agree termination is in the children's best interests and no permissive factor precludes termination, we affirm the termination of the mother's parental rights.

**AFFIRMED.**