# IN THE COURT OF APPEALS OF IOWA

No. 19-1619
Filed August 18, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALFONSO D. FAISON JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager, District Associate Judge.

Alfonson Faison Jr. appeals his conviction for domestic abuse assault. **AFFIRMED.**

Stuart Hoover, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Schumacher, J., Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**BOWER, Chief Judge.**

Alfonson Faison Jr. appeals his conviction for domestic abuse assault causing bodily injury following a July 6, 2019 jury verdict. He asserts the district court's failure to instruct that there is no duty to retreat is reversible error and argues trial counsel was ineffective in failing to challenge the jury instructions regarding his justification defense.

Although Faison argues the district court failed to instruct that there is no duty to retreat, he did not raise this instruction issue to the district court. Faison argues error was preserved by timely filing of the notice of appeal.

> While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation. In fact, the two concepts are mutually exclusive. As a general rule, the error preservation rules require a party to raise an issue in the trial court and obtain a ruling from the trial court.

*State v. Erwin*, No. 18-0523, 2018 WL 6706247, at *2 (Iowa Ct. App. Dec. 19, 2018) (quoting Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) (footnotes omitted)); *accord State v. Lange*, 831 N.W.2d 844, 846–47 (Iowa Ct. App. 2013). The jury-instruction issue is not preserved for review.

Faison thus argues counsel was ineffective in failing to object to the jury instructions. As of July 1, 2019, Iowa Code section 814.7 "requires claims of ineffective assistance of counsel be first filed in 'an application for postconviction relief pursuant to chapter 822' rather than asserted on direct appeal" and "prohibits claims of ineffective assistance of counsel from being decided on direct appeal." *State v. Tucker*, 959 N.W.2d 140, 151 (Iowa 2021). Because Faison's conviction was final after the legislation's effective date, his claim of ineffective assistance of

counsel "must be resolved in the first instance in postconviction-relief proceedings rather than on direct appeal." *Id.* at 153. Section 814.7 precludes our consideration of Faison's ineffective-assistance claim on direct appeal. We affirm.

**AFFIRMED.**