# IN THE COURT OF APPEALS OF IOWA

No. 23-0979
Filed August 30, 2023

**IN THE INTEREST OF T.G., M.G., H.G., K.G., and M.G.,**
**Minor Children,**

**M.G., Father,**
     Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

A father appeals after the juvenile court entered review orders in child-in-need-of-assistance proceedings involving five children.  **AFFIRMED.**

Jane M. Wright, Forest City, for appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Cameron Sprecher of Sprecher Law Office P.L.C., Mason City, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., Buller., J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DOYLE, Senior Judge.**

A father appeals after entry of review orders in child-in-need-of-assistance (CINA) proceedings involving five children. Claiming that the juvenile court violated both the federal and state Indian Child Welfare Act (ICWA), he seeks dismissal of the CINA proceedings. We review his claim de novo. *See In re D.M.*, 965 N.W.2d 475, 479 (Iowa 2021).

The father first challenged the alleged ICWA violations by moving to dismiss the cases at the start of a review hearing in April 2023—six months after the children were removed from his custody and more than four months after the CINA adjudications. He claimed the proceedings were invalid because no qualified expert testified that removing the children from his custody was necessary to prevent imminent physical damage or harm. Finding no ICWA violations, the juvenile court denied his motion. The court reiterated this finding in its review orders and again in denying the father's motion for new trial. The father appeals all three rulings and reasserts his claim of ICWA violations on appeal.[1]

---

[1] As is all too common, the father claims he preserved error by timely filing a notice of appeal. As we have frequently stated—almost seventy times since our published opinion of *State v. Lange*, 831 N.W.2d 844, 846-47 (Iowa Ct. App. 2013)—the filing of a notice of appeal does not preserve error for our review. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation.").

"As a general rule, parties to a child-welfare proceeding have an obligation to preserve error for appeal, even error of constitutional dimension." *In re B.E.*, 875 N.W.2d 181, 186 (Iowa Ct. App. 2015). In other words, the parties must raise the ground when they first become apparent. *See id.* At the review hearing, the juvenile court questioned whether the father had preserved his claim by waiting so long to raise it:

The record shows that the children's mother is a registered member of the White Earth Band of the Minnesota Chippewa Tribe. In October 2022, the juvenile court sent notice of the CINA proceedings involving these children to White Earth Band. A member of the White Earth Band with authorization to provide qualified expert witness testimony in ICWA cases involving White Earth children appeared at the hearing after temporary removal, disposition hearing, and review hearing. At the review hearing, that expert testified that he did not believe there were any ICWA violations and the State was making efforts to return the children to the father's custody. On this record, we find no ICWA violation and affirm.

**AFFIRMED.**

---

THE COURT: Can the parties remain silent on that issue though, Ms. Wright?

MS. WRIGHT: No.

THE COURT: And then object to it later on? Because I don't remember at that adjudicatory hearing anything—I don't remember a specific objection at that time similar to the one that you're making today. I don't remember that at the adjudicatory hearing or, I guess, at the dispositional hearing . . . .

The State argues the father waived error by failing to make a sufficiently detailed argument in his petition on appeal. Instead, the father merely cites the ICWA violations listed in Iowa Code section 232B.14(2)(f) (2022) (failing to return the child to the child's parents when removal is no longer necessary to prevent imminent physical danger or harm) and (g) (failing to provide the testimony of qualified expert witnesses as required by chapter 232B). In his conclusion, the father asks us for the remedy provided in section 232B.14(3) (requiring that the court decline jurisdiction over the petition and immediately return the child unless doing so would subject the child to a substantial and immediate danger or threat of such danger). Making a general claim may waive error. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review.").

Despite concerns about error preservation, we opt to address the father's claim on the merits.