# IN THE COURT OF APPEALS OF IOWA

No. 23-0278
Filed January 24, 2024

**ERIC MICHAEL LeCONTE,**
    Plaintiff-Appellant,

**vs.**

**JOHN DEERE DUBUQUE WORKS OF JOHN DEERE & COMPANY
and DUANE ENOS, Individually and in his official capacity,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

Eric LeConte appeals the summary judgment dismissal of his defamation claims against his former employer and supervisor. **APPEAL DISMISSED.**

Eric LeConte, Dubuque, self-represented appellant.

Frances M. Haas of Nyemaster Goode, P.C., Cedar Rapids, and Haley Y. Hermanson of Nyemaster Goode, P.C., Des Moines, for appellee.

Considered by Bower, C.J., and Schumacher and Langholz, JJ.

**BOWER, Chief Judge.**

Eric LeConte appeals the summary judgment dismissal of his defamation claims against his former employer and supervisor. The substance of his appellate brief is as follows:

> STATEMENT OF FACTS
> During the Motion for summary Judgement the defense inaccurately stated Mr. Enos only made comments to the plaintiff and the H.R Personnel Kimberly Davis. In Fact, Mr. Enos comments were published and reviewed by upper management whom then approved the termination of Mr. LeConte, based off the false information they were given. Mr. Enos did not solely have the authority to terminate Mr. LeConte's employment. He reported false information to upper management that then signed off on the termination. See 2019 Performance form for Eric M LeConte. Due to the presentation of false information stating the Eno's review was not shown to anyone Judge Bitter was unable to make an accurate ruling.
> ARGUMENT SECTION
> . . . Appellant requests a further review and correction of facts take place to make an accurate ruling. The facts can be found in the deposition of Mr. Enos, the 2019 year end review of Mr. LeConte, the Transcript of Motion for summary judgement Case No. CVC112719, and Case CVCV112719 Docket #D0068. Judge Thomas A. Bitter did not consider how Mr. Enos in fact did publish known defamatory statements to upper management, Causing the termination of Mr. LeConte and therefore, made the ruling in error.

LeConte's appellate brief does not comply with our appellate rules and leaves us unable to review the matter. *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."); *State v. Lange*, 831 N.W.2d 844, 846–47 (Iowa Ct. App. 2013) (noting "failure to comply with any of our appellate rules can lead to summary disposition of an appeal").

LeConte's statement of facts does not contain the alleged "false information" that LeConte contends are defamatory and the facts stated are not "supported by appropriate references to the record or the appendix" as required by Iowa Rule of Appellate Procedure 6.903(2)(f). It is not this court's job to comb through a performance review or a deposition in search of potentially slanderous statements.

The argument section also fails to adhere to our appellate rules, being devoid of "[a] statement addressing how the issue was preserved for appellate review, with references to the places in the record where the issue was raised *and decided*," as required by rule 6.903(2)(g)(1). Nor does it contain a statement addressing the scope and standard of appellate review required by rule 6.903(2)(g)(2). "It is not our role to rewrite a pro se pleading, nor can we act as the advocate for a pro se litigant." *Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 643 n.2 (Iowa 2019); *accord Campbell v. Griffin*, No. 22-0022, 2022 WL 17826924, at *1 (Iowa Ct. App. Dec. 21, 2022) ("'The law does not judge by two standards, one for lawyers and another for lay persons. Rather, all are expected to act with equal competence. If lay persons choose to proceed pro se, they do so at their own risk.' So, we cannot look past the deficiencies in [appellant's] brief and instead scour the trial record to tease out likely arguments for him simply because he is a pro se appellant. That would require us to step beyond our role as neutral arbiter and into an advocacy role." (internal citation omitted)). We dismiss the appeal.

**APPEAL DISMISSED.**