**IN THE COURT OF APPEALS OF IOWA**

No. 23-0895
Filed August 7, 2024

**IN THE MATTER OF THE MARYANN BENNETT TRUST and THE BENNETT FAMILY TRUST**

**JOSPHE LOUIS COCO, SR. and S. MARTIN JOHN ERMELS,**
    Co-Trustees-Appellants.

_____

Appeal from the Iowa District Court for Polk County, Katie Ranes, Judge.


Co-trustees appeal from an order denying their request to remove the third

co-trustee of two separate trusts. **AFFIRMED.**


Peter M. Sand, West Des Moines, for appellants.

Matthew D. Gardner of Gardner Law Firm, P.C., Urbandale, and Elissa M.

Hodges of Hodges Law, PLC, Ankeny, for appellee Iowa State Bank.


Considered by Schumacher, P.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

Joseph Coco and Martin Ermels are co-trustees of two separate trusts—the Bennett Family Trust and the Maryann Bennett Trust. Iowa State Bank (ISB) serves as a third co-trustee for the two trusts. Coco and Ermels sought to remove ISB as a co-trustee to both trusts. The district court determined that Coco and Ermels did not establish any basis to remove ISB as a co-trustee to the Bennett Family Trust, Coco and Ermels exceeded their authority when they previously appointed ISB as co-trustee to the Maryann Bennett Trust, and Coco and Ermels do not have authority to now remove ISB as co-trustee of the Maryann Bennett Trust. Coco and Ermels appeal.

Our rules of appellate procedure require appellate briefs to include argument sections containing (1) an error-preservation statement "addressing how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided in the district court"; (2) "a statement addressing the scope and standard of appellate review . . . , citing relevant authority"; and (3) argument containing the appellant's contentions supported by citations to relevant authority and references to relevant portions of the record. Iowa R. App. P. 6.903(2)(a)(8)(1)–(3). The appellate brief submitted by Coco and Ermels fails to comply with these requirements.

First, we note that their appellate brief includes several different arguments intended to attack the district court's order. However, their brief contains no error-preservation statement to explain how error is preserved for any of these arguments. Iowa R. App. P. 6.903(2)(a)(8)(1). Second, while the appellate brief does include a standard of review section, it does not include any supporting

"relevant authority." Iowa R. App. P. 6.903(2)(a)(8)(2). Third, the appellate brief contains almost no citations to authority and those that are included do not support Coco and Ermels's contentions. "And failure to cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(a)(8)(3).

Failure to comply with these appellate rules can lead to summary disposition of an appeal. *State v. Lange*, 831 N.W.2d 844, 846–47 (Iowa Ct. App. 2013). We are prohibited from "assum[ing] a partisan role and undertak[ing] a party's research and advocacy when a party's failure to follow the rules would require us to do so to reach the merits of the case." *Id.* Given the lack of supporting authority contained in the appellate brief submitted by Coco and Ermels, we would have to undertake the partisan role of seeking out any supporting authority to meaningfully address their appellate arguments. We decline to do so. *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974).

Accordingly, we do not reach the merits of Coco and Ermels's appeal and affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(e).

**AFFIRMED.**