**IN THE COURT OF APPEALS OF IOWA**

No. 23-1828
Filed February 19, 2025

**IN THE MATTER OF THE ESTATE OF ROY L. THACKER, Deceased.**

**AUBREY MARIE MALDONADO,**
    Plaintiff-Appellant,

**vs.**

**ABIGAIL SHARP, Individually and as Executor of the ESTATE OF ROY L. THACKER, NICHOLAS R. THOMPSON, and BRITTANYA A. THOMPSON,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Dallas County, Dustria A. Relph, Judge.

A plaintiff in a will contest appeals from an adverse summary judgment ruling. **AFFIRMED.**

Jason Springer of Springer Law Firm, PLLC, Madrid, for appellant.

Tyler M. Smith of Smith Law Firm, PLC, Altoona, for appellee-executor.

Benjamin L. Rouse of Brown, Fagen & Rouse, Dallas Center, for appellees Nicholas Thompson and Brittanya Thompson.

Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

Aubrey Maldonado petitioned to set aside the last will and testament of her father Roy Thacker, alleging Thacker lacked testamentary capacity and was subject to the undue influence of Abigail Sharp, Nicholas Thompson, and Brittanya Thompson ("the defendants"). The district court, after declining to consider an untimely resistance and deeming certain facts admitted by Maldonado for failing to timely respond to discovery, granted summary judgment in favor of the defendants. We affirm.

**Background Facts and Proceedings.** In response to Maldonado's petition, the defendants separately answered and denied the allegations. Sharp, who was executor for the estate, served requests for admissions on Maldonado, but Maldonado did not timely respond or object. Sharp moved for summary judgment after the thirty-day response deadline ran, arguing the requested admissions should be deemed admitted and that she was entitled to judgment as a matter of law based on the undisputed admitted facts. Maldonado filed an untimely resistance to the motion for summary judgment and notice of serving the request for admissions—more than two months after the deadline—but did not seek to withdraw or amend the facts deemed admitted. Sharp moved to strike the untimely resistance.

Following an unreported virtual hearing, the district court granted summary judgment in Sharp's favor. The district court deemed all of Sharp's requested admissions "conclusively established" by Maldonado's failure to timely answer the request for admissions, object, or move to withdraw or amend the admissions after failing to respond. *See* Iowa R. Civ. P. 1.510(2) (providing requests for admissions

are admitted unless the receiving party answers or objects in writing within thirty days). The court also found that Maldonado's resistance to summary judgment was untimely and did not consider it. *See* Iowa R. Civ. P. 1.981(3) (requiring any resistance be filed within fifteen days of the summary judgment motion unless otherwise ordered by the court). Based on the undisputed admitted facts, the court found the will was lawfully executed and that, when he signed the will, Thacker was capable of understanding the nature and extent of his property, understood who his family was, and was not under undue influence. The court entered an order dismissing Maldonado's petition, from which Maldonado appeals.

**Claim on Appeal.** Maldonado's sole claim on appeal is that summary judgment should not have been granted dismissing her petition. It's hard for us to discern the exact basis on which Maldonado contests the district court ruling—her brief does not cite the undisputed statement of material facts and instead focuses much of its language on disparaging the motives of the defendants and their counsel and attempts to argue the merits of her claim.[1] To the extent Maldonado at one point references "her oral arguments at hearing" on the motion for summary judgment, she did not supply us with a transcript from the hearing (and the record suggests it was unreported), nor did she obtain a statement of evidence under Iowa Rule of Appellate Procedure 6.806. *See In re F.W.S.*, 698 N.W.2d 134, 135

---

[1] We considered whether Maldonado's failure to cite the record at any point in the argument section of her brief should be deemed waiver of her appellate claims. *See* Iowa R. App. P. 6.903(2)(a)(8)(3) (requiring "references to the pertinent parts of the record in accordance with rule 6.904(4)"). "Rule infractions are not a trivial matter. A party's disregard of the rules may lead to summary disposition of the appeal or waiver of an issue." *State v. Lange*, 831 N.W.2d 844, 847 (Iowa Ct. App. 2013). Given our resolution of the merits of her claim, we decline to dismiss Maldonado's appeal or summarily affirm despite her significant rules violations.

(Iowa 2005) ("It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon. The court may not speculate as to what took place or predicate error on such speculation." (citation omitted)).

And to the extent she intended to contest the district court deeming facts admitted following her failure to timely respond to the requests for admissions, she never sought leave to withdraw or amend those admissions, and she failed to preserve error on the district court's exercise of discretion in resolving that discovery issue. *See* Iowa R. Civ. P. 1.511 (permitting withdrawal or amendment of admissions under some circumstances); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). The same goes for the court declining to consider her untimely resistance to the motion for summary judgment—Maldonado never requested leave to file it untimely and did not resist the motion to strike. *See Meier*, 641 N.W.2d at 537.

**Summary Judgment.** This leaves us with, at most, review of whether the undisputed facts adopted by the district court entitled Sharp to judgment as a matter of law. *See* Iowa R. Civ. P. 1.981(3); *In re Est. of River*, 6 N.W.3d 13, 17 (Iowa Ct. App. 2024) ("We review a grant of summary judgment for correction of errors at law."). "[T]he nonmoving party may not rest upon the mere allegations or denials in the pleadings," they must provide specific facts showing a genuine issue for trial through affidavits or other evidence submitted to the court. *River*, 6 N.W.3d at 17 (internal quotations omitted). Maldonado presented no affidavits or other evidence to support her allegations, only arguing the admissions she did not

answer should not have been deemed admitted.  The undisputed admitted facts—the only evidence before the court to consider—included that Thacker "was capable of understanding the nature and extent of his property," "was capable of understanding who his family was," and "was not under undue influence."  These undisputed facts plainly resolve the petition's allegations—lack of capacity and undue influence—in Sharp's favor.

**AFFIRMED.**