**METROPOLITAN JACOBSON DEVELOPMENT VENTURE, Appellee,**

v.

**BOARD OF REVIEW OF DES MOINES, et al., Appellants.**

**JACOBSON–LARSON INVESTMENT CO. and Washington Avenue Venture, Appellees,**

v.

**BOARD OF REVIEW OF DES MOINES, et al., Appellants.**

No. 89–1110.

Court of Appeals of Iowa.

Aug. 27, 1991.

William R. Clark, Jr., of Herrick, Langdon & Langdon, Des Moines, for appellant.

Gerard D. Neugent of Belin, Harris, Helmick, Tesdell, Lamson, McCormick, P.C., Des Moines, for appellee.

Thomas T. Tarbox of Smith, Schneider, Stiles, Mumford, Schrage, Zurek, Wimer & Hudson, P.C., Des Moines, for appellee.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

This action began with taxpayers' protests against the city of Des Moines whose assessor allegedly overvalued certain commercial warehouse properties. Finding themselves unsuccessful before the board of review, the taxpayers sought relief before the district court. The taxpayers protested on two separate grounds. First, they claimed the properties were taxed at more than their fair market value. Second, they claimed the properties were assessed at a greater percentage of market value than were similar properties in the taxing district.

There are two sets of subject properties, each consisting of commercial warehouses. The first set is a three-building complex located on McDonald Avenue in Des Moines. Because each building was built at a different time, each was assessed and taxed as a separate parcel. The second set consists of two buildings located on East Washington Avenue in Des Moines. For trial purposes these cases were consolidated due to the similarities of the parties, witnesses, and facts of each case.

The three McDonald Avenue properties are located at street addresses 4121, 4141, and 4161. The buildings were built in 1978, 1976, and 1979 respectively. The warehouse at 4161 was constructed in the same manner as the other two buildings. The one appreciable difference between the three buildings was that the building at 4121 was not insulated. The buildings at 4121 and 4141 were taxed at approximately thirty-three cents per square foot, while the building at 4161 was taxed at approximately fifty-five cents per square foot. The tax assessments challenged are for the 4161 building for the years 1986, 1987, and 1988.

The East Washington Avenue warehouses are located at street addresses 1550 and 1600. They were constructed in 1986 and are assessed as one property. The tax assessments being challenged are for the years 1987 and 1988.

In making their protests, plaintiffs compared the 4161 McDonald property to the two other McDonald properties and to the East Washington Avenue property and vice versa. Two other warehouses located at 2222 E. Douglas and 2727 Bell in Des Moines were also compared. Experts for both parties expressed opinions concerning the values of all these properties. After hearing all the evidence, the district court concluded that the 4161 McDonald Avenue building assessment should be lowered to $2,400,000 for the years 1986–1988. It determined the East Washington Avenue assessment should be lowered to $4,050,000. The trial court reasoned these figures represented the properties' fair market value.

On appeal the board does not challenge the above-stated assessments except for the 4161 assessment for 1986. The board does challenge, however, the district court's further reduction of all these assessments following the plaintiff's 179(b) motion submitted after trial. In ruling on plaintiff's 179(b) motion, the district court again looked to the same comparable properties. In its original ruling it determined the average ratio of assessment for the comparable properties was sixty-eight percent (68%) of their fair market value. The trial court found the properties located at 4121 and 4141 were the most similar, and were assessed at no more than seventy-three percent (73%) of their fair market value. Therefore, it ordered the subject properties to be assessed at seventy-three percent (73%) of their fair market values.

The board believes the taxpayers failed in their burden of proof on their 179(b) motion because they failed to prove the actual value of the comparable properties. Without proof as to these comparable properties, no proper ratio can be established. Thus, the board claims, the trial court erred in granting the further reduction based on a ratio.

As this appeal arises in equity, our review is de novo. Iowa Code § 441.39;

Iowa R.App.P. 4. We give weight to the trial court's findings of facts, especially concerning credibility of the witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

Aside from the 1986 challenge to the assessment of the 4161 McDonald property, neither party appeals the trial court's determination of the properties' fair market value. We therefore accept its figures as conclusive of this issue.

## I.

■ The board's main complaint is the trial court erred in further reducing the assessed values pursuant to the taxpayers' 179(b) motion. The board claims the taxpayer failed to prove the actual value of the comparable properties. The trial court found to the contrary. It determined the taxpayers had established to its satisfaction the values of the comparable properties. It found these properties were assessed an average of sixty-eight percent (68%) of their fair market value. The trial court then ordered a comparable reduction, to seventy-three percent (73%), for the properties involved in this case.

The Iowa Supreme Court has set out the pertinent criteria:

In order to obtain relief upon the ground that his property is assessed inequitably, it is essential that the taxpayer prove (1) that there are several other properties within a reasonable area similar and comparable to his; (2) the amount of the assessments on those properties; (3) the actual value of the comparable properties; (4) the actual value of his property; (5) the assessment complained of; and (6) that by comparison his property is assessed at a higher proportion of its actual value than the ratio existing between the assessed and the actual valuations of the similar and comparable properties, thus creating a discrimination.

*Maxwell v. Shivers,* 257 Iowa 575, 579–80, 133 N.W.2d 709, 711 (1965) (reaffirmed in *Riso v. Pottawattamie Board of Review,* 362 N.W.2d 513, 517 (Iowa 1985)).

The taxpayer introduced testimony through its own privately retained apprais-er and through the board's appraiser as to the values of the comparable properties. The board complains these comparison appraisals were inadequate. It contends the taxpayer has failed to either prove these properties were actually comparable or failed to properly appraise the properties.

The Iowa Code spells out the allocation of the burden of proof in taxpayer protests:

The burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, inequitable or capricious; however, in protest or appeal proceedings when the complainant offers competent evidence by at least two disinterested witnesses that the market value of the property is less than the market value determined by the assessor, the burden of proof thereafter shall be upon the officials or persons seeking to uphold such valuation to be assessed.

Iowa Code § 441.21(3).

■ This section provides the burden of proof shifts once the taxpayer has offered competent evidence by at least two disinterested witnesses. While on its face the burden-shifting provision appears to apply only to market valuation protests, our supreme court has interpreted this provision to apply to inequitable assessment protests as well. *Riso,* 362 N.W.2d at 517–18. Thus, once the taxpayer has introduced competent evidence by at least two disinterested witnesses of comparable values, the burden shifts to the board to show its original assessment was equitable.

Here the taxpayer has introduced evidence by two disinterested witnesses as to the comparable values. Both expert witnesses appear to be quite knowledgeable. The taxpayer having fulfilled the statutory requirements, the burden of proof to uphold the assessment shifted to the board.

The board has not appealed the trial court's finding reducing the original assessment to fair market value. It contests, however, the further reduction due to inequitable assessment. In essence, the board is demanding the subject properties be taxed at their full fair market value. None of the other comparable properties were taxed at their full fair market value. Rath-

er, they all were taxed on the average at 68% of their fair market value.

▆ Apparently the board chose to introduce little or no new evidence controverting either the taxpayers' appraisals or whether the selected properties were in fact comparable. On appeal, the board mainly attempts to point out flaws in the taxpayers' method of appraisal.

The taxpayer has introduced competent evidence of value. The burden is now on the board to show its original appraisals were in fact equitable. It could have introduced other evidence of comparable properties. It could have introduced other appraisals contesting the taxpayers' appraisals of the comparable property. Instead, the board chose simply to impeach the taxpayers' method of appraisal and choice of comparable properties.

The trial court found, and we agree, the taxpayers carried their burden to show the assessments were inequitable. The board failed to carry its burden to show the assessments were equitable. We affirm the trial court on this issue.

## II.

▆ The board further complains the trial court erred in lowering the assessment for 4161 McDonald for 1986. However, it does not appear this matter was raised in the trial court. Nor was the issue preserved in the board's 179(b) motion. "It is axiomatic we will not ordinarily consider issues raised for the first time on appeal." *Kroblin v. RDR Motels, Inc.*, 347 N.W.2d 430, 434 (Iowa 1984).

We determine the board has not preserved this issue for appeal. However, even if it had, we believe the taxpayer would still prevail. The board's objections are grounded on alleged errors and omissions in the taxpayers' protest form for that year. The taxpayers retort they were in substantial compliance with applicable law, the board had adequate notice of the grounds of protest, and the taxpayers' agent was a lay person, not a lawyer.

▆ We do not utilize a deferential standard when persons choose to represent themselves. The law does not judge by two standards, one for lawyers and the other for lay persons. Rather, all are expected to act with equal competence. If lay persons choose to proceed pro se, they do so at their own risk. Thus, we review this issue without regard as to whether the taxpayer did or did not employ legal representation.

▆ The Iowa Supreme Court has determined substantial compliance with the statutory requirements of the tax protest procedure is adequate. *Superior/Ideal, Inc. v. Board of Review of the City of Oskaloosa*, 419 N.W.2d 405, 407–09 (Iowa 1988). Substantial compliance is "compliance in respect to essential matters necessary to assure the reasonable objectives of the statute." *Id.* at 407. The controlling statute provides in pertinent part:

Said protest must be confined to one or more of the following grounds:

1. That said assessment is not equitable as compared with assessments of other like property in the taxing district. When this ground is relied upon as the basis of a protest the legal description and assessments of a representative number of comparable properties, as described by the aggrieved taxpayer shall be listed on the protest, otherwise said protest shall not be considered on this ground.

Iowa Code § 441.37 (1985).

The taxpayers' protest for 1986 selected the first grounds of protest. That ground provided:

1. That said assessment is not equitable as compared with assessments of other like property in the City. (Give legal description and assessment of representative number of comparable properties—not less than five.)

In the space provided for the legal description of the comparable properties, the taxpayers' representative wrote:

There are 3 buildings located on this Industrial Track that are all alike. The other 2 buildings are taxed at about $.33 per square foot, and this one is taxed at $.55 per square foot. I feel it should also be taxed at .33 per square foot like the other 2 bldgs.

This writing substantially complies "in respect to essential matters necessary to

assure the reasonable objectives of the statute." *Superior/Ideal,* 419 N.W.2d at 407. The obvious purpose of the rule is to provide the assessor's office with reasonable notice of the basis of the taxpayer's protest and the location of the properties. The requirement for *five* comparable properties does not appear in Iowa Code section 441.37(1).[1] The taxpayer has mentioned the subject property and the two located adjacent to it. While no new grounds may be introduced at the trial court level, new evidence is allowable. Iowa Code § 441.-38(1). Further, no one claims that he or she was unable to discern which properties were at issue. The board's denial of the protest was based on no change in valuation, not on failure to list comparable properties. The taxpayers appear to have substantially complied with the statute.

We affirm the trial court on this issue, based upon the board's failure to preserve error.

The trial court is affirmed on all issues.

AFFIRMED.

---

1. The Iowa Supreme Court has indicated more than one comparable property is required. *Maxwell,* 257 Iowa at 581, 133 N.W.2d at 712. The court has further held "several other [comparable] properties" are required. *Riso,* 362 N.W.2d at 517. We believe that requirement has been met here.