# IN THE COURT OF APPEALS OF IOWA

No. 18-0282
Filed July 24, 2019

**JAMES WILLIAM NEUMAN,**
        Plaintiff-Appellant,

**vs.**

**NATHAN CALLAHAN, DEB DOE, EMILY ZERKEL, BLACK HAWK COUNTY ATTORNEYS OFFICE, JOEL A. DALRYMPLE, JEREMY LEE WESTENDORF, MICHELLE MARIE WAGNER, STATE OF IOWA, KEVIN R. CMELIK, CINDY DOE, GRANT VEERDER, STEPH DOE, KELLYANN M. LEKAR, JOHN MILLER, BLACK HAWK COUNTY CLERKS OFFICE, JANE DOE, TOM LITTLE, FRANK MAGSAMEN, CRAIG WHITE, RITA SCHMIDT, BLACK HAWK COUNTY, IOWA, JOSEPH MOOTHART, BRIAN JOHN WILLIAMS, BLACK HAWK COUNTY COURTHOUSE, LINDA LAYLIN, IOWA ATTORNEY GENERAL, and THOMAS FERGUSON,**
        Defendants-Appellees.
_____

Appeal from the Iowa District Court for Black Hawk County, Rustin T. Davenport, Judge.

James Neuman appeals the dismissal of his lawsuit. **AFFIRMED.**

James William Neuman, Waterloo, self-represented appellant.

Thomas J. Miller, Attorney General, and Jeffrey C. Peterzalek and Caroline Barrett, Assistant Attorneys General, for appellee State.

John T. McCoy and Dustin Zesche of Swisher & Cohrt, P.L.C., Waterloo, for Black Hawk County appellees.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

This legal odyssey began with James Neuman's 2014 Operating While Intoxicated (OWI) conviction. Dissatisfied with the way the Black Hawk County Clerk's office staff handled administration of his fine, Neuman filed a civil lawsuit. His 205-page petition asserted a conspiracy by a variety of state, county, and judicial actors. The district court succinctly summarized Neuman's lawsuit:

> He has brought suit against Black Hawk County, the Black Hawk County Courthouse, Black Hawk County Attorney's Office, against specific attorneys in the Black Hawk County Attorney's Office, against the individual board of supervisors, against the Black Hawk County Auditor. Neuman has also brought suit against the Iowa Attorney General's Office, judges who have presided in Black Hawk County, specific individuals at the Iowa Attorney General's Office, against the Black Hawk County Clerk's Office, and certain employees of the Black Hawk County Clerk's Office. Neuman's case arises as a result of his concern that administration of fines in Black Hawk County is being done improperly and illegally. Neuman was convicted of operating while intoxicated in Black Hawk County OWCR196436 on October 17, 2014. Pursuant to the Judgment and Sentence, a fine of $1250 plus 35% surcharge, a DARE charge of $10, and a Law Enforcement Initiative surcharge of $125 was imposed. It provided that half of the $1250 fine and applicable surcharge would be waived when the defendant presents to the clerk of court a temporary restricted license and a copy of the certificate of installation of ignition interlock device if required by the DOT. Neuman contends there is a conspiracy between defendants in this case to overcharge him and other criminal defendants for fines they have to pay. He contends that the clerk's office falsifies payment records and conspired to keep defendants on probation.

Neuman asserted a plethora of claims under a multitude of theories. The district court granted defendants' motions to dismiss. Neuman appeals.

The first thing that strikes us is the length of Neuman's briefs. He certified that his 111-page opening brief is 14,000 words—the limit imposed by Iowa Rule of Appellate Procedure 6.903(1)(g)(1) (2019). The actual word count is 17,844, not including the cover page, table of contents, table of authorities, statement of

the issues, certificates, signature blocks, and page numbers. The brief is over length. Neuman certified that his 54-page reply brief is 10,000 words. Although it contains 9361 words in actuality, the reply brief is also over length as it exceeds the 7000 word limit—one-half the word limit length for an opening brief. *See* Iowa R. App. P. 6.903(1)(g)(1) ("A reply brief shall contain no more than half of the type volume specified for a required brief."). Neuman did not request or receive permission to file over length briefs.

The next thing that strikes us is the number of rules violations that riddle Neuman's briefs. Examples follow.

- Factual statements are unsupported by references to the record or the appendix. *See* Iowa Rs. App. 6.903(2)(f), 6.904(4).

- The briefs contain no meaningful statements about how Neuman preserved issues for appellate review and there are no references to the places in the record where he raised or the district court decided the issues. *See* Iowa R. App. P. 6.903(2)(g)(1).

- The briefs do not address the applicable scope and standard of review. *See* Iowa R. App. P. 6.903(2)(g)(2).

Neuman also makes many unsupported conclusory statements in his argument. "When a party, in an appellate brief, fails to state, argue, or cite to authority in support of an issue, the issue may be deemed waived." *State v. Adney*, 639 N.W.2d 246, 250 (Iowa Ct. App. 2001); *see also* Iowa R. App. P. 6.903(2)(g)(3) (requiring the argument section to include "[a]n argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record" and stating "[f]ailure

to cite authority in support of an issue may be deemed waiver of that issue"); *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997); *Metro. Jacobson Dev. Venture v. Bd. of Review*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991). We do not consider conclusory statements unsupported by legal argument. *See, e.g.*, *Baker v. City of Iowa City*, 750 N.W.2d 93, 103 (Iowa 2008) (holding a party waived its "conclusory contention" by failing to support it with an argument and legal authorities).

Lastly, despite having been ordered to do so by the supreme court, the amended appendix prepared and filed by Neuman is not properly paginated.[1] *See* Iowa Rs. of Appellate Procedure 6.905(3)(c), 6.905(6). Although the index to the 1023-page appendix references pdf page numbers, the documents in the appendix are not numbered as required by the rules.

Self-represented or not, parties to an appeal are expected to follow applicable procedural rules. The rules apply equally to parties represented by counsel and to those who are not. *In re Estate of DeTar*, 572 N.W.2d 178, 180 (Iowa Ct. App. 1997) ("Substantial departures from appellate procedures cannot be permitted on the basis that a non-lawyer is handling [his or] her own appeal."). Self-represented parties receive no preferential treatment. *See Hays v. Hays*, 612 N.W.2d 817, 819 (Iowa Ct. App. 2000). "The law does not judge by two standards, one for lawyers and the other for lay persons. Rather, all are expected to act with equal competence. If lay persons choose to proceed pro se, they do so at their

---

[1] Neuman's first appendix was stricken, and he was ordered to file an amended appendix "that contains page numbers with the cover page being numbered page one with consecutive numbers that follow and all of appellees' designation of parts." Appellees moved to strike Neuman's amended appendix for lack of proper pagination and that it did not include all of appellees' designations. The supreme court denied the motion deeming the issue moot since appellees had already filed their briefs.

own risk." *Metro. Jacobson Dev. Venture*, 476 N.W.2d at 729. Failure to comply with appellate rules may lead to summary disposition of an appeal. *See DeTar*, 572 N.W.2d at 180-81. This may seem harsh to a self-represented litigant, but it is justified by the notion that appellate judges must not assume the role of advocates for a party who violates court rules and inadequately presents an appeal. *See State v. Piper*, 663 N.W.2d 894, 913-14 (Iowa 2003), *overruled on other grounds by State v. Hanes*, 790 N.W.2d 545 (Iowa 2010). We will not accept the task of undertaking Neuman's research and advocacy. *See id.*; *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

As we have said:

> Rule infractions are not a trivial matter. A party's disregard of the rules may lead to summary disposition of the appeal or waiver of an issue. *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 239-40 (Iowa 1974). Additionally, we refuse to assume a partisan role and undertake a party's research and advocacy when a party's failure to follow the rules would require us to do so to reach the merits of the case. *Id.* at 240. Furthermore, this court's principal role is to dispose justly of a high volume of cases. Iowa Ct. R. [21.11]. A party's noncompliance with the rules of procedure hinders our effort to meet this mandate. On the other hand, observance of the rules promotes judicial efficiency because uniformity and consistency ease navigation and analysis of the thousands of briefs the court makes its way through each year.

*State v. Lange*, 831 N.W.2d 844, 847 (Iowa Ct. App. 2013).

This is not Neuman's first rodeo in the appellate arena as a self-represented litigant. In his direct appeal of a 2014 criminal conviction, the supreme court struck his pro se briefs for appellate rules violations—including over length violations. Ultimately, the supreme court dismissed his appeal for failure to comply with the appellate rules. Neuman should know better by now.

We could in a fit of frustration outright dismiss Neuman's appeal for his seemingly willful disregard of the rules. But we decline to do so because we agree with the district court's well-reasoned analysis and disposition of the case. We affirm without further discussion.

On appeal, Neuman requests relief in the form of a sixteen-item laundry list, including a request for an order telling our Chief Justice to "stop rewriting, misusing or abusing [Iowa Court] Rule 22.2." He also seeks a 12-point injunction and $10,000,000. Even if he succeeded on this appeal, we could not grant this relief.

**AFFIRMED.**