# IN THE COURT OF APPEALS OF IOWA

No. 22-0044
Filed March 29, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL KENNETH MITCHELL,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Des Moines County, Jennifer S. Bailey, District Associate Judge.

    A defendant appeals a reasonable-ability-to-pay-restitution determination.

**APPEAL DISMISSED.**

    Theresa J. Seeberger, Iowa City, for appellant.

    Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

    Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Michael Mitchell appeals the restitution provisions of a sentencing order entered in two separate cases following pleas of guilty. He requests this court remand for a hearing on his reasonable ability to pay category "B" restitution. *See* Iowa Code § 910.1(2) (defining category "B" restitution).

## I.      Background Facts & Proceedings

The State filed a trial information on November 2, 2021, in two separate cases. The trial information in case number SRIN027787 charged Mitchell with interference with official acts causing bodily injury. The trial information in case number SRIN027790 charged Mitchell with serious domestic abuse assault causing injury. On November 15, Mitchell filed a written plea of guilty for both offenses.[1] The plea included a provision in which Mitchell agreed that he had a reasonable ability to pay category "B" restitution. The district court, in its judgment order, "approved and accepted" the guilty plea, which included category "B" restitution in an amount to be determined at a later date.[2] The judgment also included provisions for challenging category "B" restitution based on the defendant's reasonable ability to pay.

Mitchell subsequently filed a pro se motion to waive all fees on December 10. The caption of his motion included both case numbers, but the motion was only filed in case number SRIN027787. The district court ordered a hearing be held in SRIN027787 to determine whether Mitchell had a reasonable

---

[1] He also pled guilty to three other offenses that are not challenged on appeal.

[2] The court entered judgment for SRIN027787 and SRIN027790 on November 17 and November 18, respectively.

ability to pay the category "B" restitution for SRIN027787. Following a hearing, the court found Mitchell lacked the reasonable ability to pay such costs and waived them on January 28, 2022. Because the district court already granted the relief Mitchell is asking us to grant on appeal, his appeal as it relates to SRIN027787 is moot. *See Riley Drive Ent. I, Inc. v. Reynolds*, 970 N.W.2d 289, 296 (Iowa 2022) ("[A] court will generally decline to hear a case when, because of changed circumstances, the court's decision will no longer matter." (citation omitted)). As such, our focus on appeal is limited to SRIN027790.

Mitchell filed a pro se notice of appeal, dated December 8 and filed December 13. The pro se notice explained, "This is my appeal to the United States Court of Appeals. Final Judgment 12/15/21." Trial counsel was permitted to withdraw, and appellate counsel was appointed on January 7. Appellate counsel filed a notice of appeal in May, citing Mitchell's pro se appeal. Our supreme court, on its own motion, noted jurisdictional questions related to Mitchell's pro se notice of appeal. *See* Iowa Code § 814.6A(1). It ordered the parties to address whether a delayed appeal should be granted in the appellate briefing.

## II.     Delayed Appeal

We must first address whether we have jurisdiction to hear this case. "An appeal from a final judgment of sentence is initiated by 'filing a notice of appeal with the clerk of the district court where the order or judgment was entered.'" *State v. Jackson-Douglass*, 970 N.W.2d 252, 254 (Iowa 2022) (quoting Iowa R. App.

P. 6.102(2)). When a party fails to timely file a notice of appeal, this court lacks jurisdiction and the case must be dismissed. *Id.*

In *State v. Davis*, our supreme court held that despite the potential prohibition Iowa Code section 814.6A imposes on courts considering pro se notices of appeal, appellate courts could grant delayed appeals following a pro se notice of appeal in appropriate circumstances. 969 N.W.2d 783, 787 (Iowa 2022). In particular, a delayed appeal may be appropriate when "a defendant has expressed a good faith intent to appeal before the appeal deadline but failed to timely perfect the appeal due to state action or circumstances beyond the defendant's control." *Id.* Mitchell timely filed his pro se notice of appeal. Section 814.6A, as a statutory bar, constitutes state action. *See id.* Therefore, we would generally grant a delayed appeal in this case.

The State contends this case is different than prior delayed appeal cases because Mitchell's pro se notice of appeal was deficient on its face. They highlight that the notice stated, "This is my appeal to the United States Court of Appeals," and that it included a final judgment of December 15, 2021, when the correct date of the judgment was November 18, 2021. As such, the State claims, the notice failed to make clear what was being appealed and to whom.

The State points us to a recent opinion by our supreme court, which addressed the sufficiency of a pro se notice of appeal that misidentified what the appellant was appealing. The court first highlighted our general rules related to pro se pleadings: "[W]e have held that 'substantial compliance . . . is sufficient . . . if the intent of the appellant to appeal from a judgment may be inferred from the text of the notice and if the appellee has not been mislead [sic]

by the defect." *State v. Boyer*, No. 18-1892, 2020 WL 2108129, at *2 (Iowa Mar. 12, 2020) (citation omitted). In *Boyer*, the appellant's notice of appeal specified he was appealing the "final judgment and sentence entered in these matters on the 24th day of September, 2018." *Id.* at *1. "On appeal, however, Boyer's entire argument [was] a challenge to the October 5 restitution order." *Id.* The court noted, "[w]e can find no evidence of intent to appeal anything other than the September 24 order in the notice." *Id.* at *2. Thus, "[w]hen a party, even a pro se party, files a notice of appeal related to a specific order, we cannot rewrite it to include an order entered on a later date." *Id.*

We distinguish *Boyer* from this case. Unlike in *Boyer*, Mitchell's appeal notice references a date in which there was *no* order by the district court. Thus, while the State in *Boyer* could have been led to believe the defendant was appealing a different order, here the State would not be misled into believing Mitchell was challenging a specific order because no such order existed. We also note that the notice shows an intent to appeal something other than the non-existent judgment from December 15, because Mitchell dated the document on December 8. Clearly, a party cannot appeal from a final judgment that will not be final until sometime in the future. The State was not misled by the defect—indeed, they make no claim of being misled and fully briefed the issues on appeal. *See id.* Thus, *Boyer* is inapposite, and we grant Mitchell a delayed appeal.

**III. Error Preservation**

We must also consider whether Mitchell's claim is preserved.[3] "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Mitchell requests we order the district court to hold a hearing on his reasonable ability to pay category "B" restitution for case number SRIN027790. But his pro se motion to waive all fees—which the district court interpreted as a request for a reasonable ability to pay hearing—was only filed in SRIN027787. Furthermore, the district court only granted a hearing and ruled on the matter in that same case number.[4] The issue was never raised or decided by the district court in SRIN027790.

While we recognize Mitchell filed his motion to waive fees himself and the motion's caption included both case numbers, any error in filing was due to his own choice to proceed pro se. "We do not utilize a deferential standard when persons choose to represent themselves. . . . If lay persons choose to proceed pro se, they do so at their own risk." *Metro. Jacobson Dev. Venture v. Bd. of Rev.*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991). Thus, Mitchell's failure to appropriately raise his request for a reasonable ability to pay determination to the district court

---

[3] While the State did not raise this issue in its briefing, we may consider whether error is preserved sua sponte. *See State v. Young*, No. 09-1938, 2011 WL 4579863, at *5 (Iowa Ct. App. Oct. 5, 2011) (citing *Top of Iowa Co-op v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000)).

[4] We note that the district court acted on Mitchell's pro se motion in SRIN027787, in contravention of Iowa Code section 814.6A's prohibition on "any Iowa court" from "consider[ing] . . . such pro se filings." The State does not contest those proceedings. But because of section 814.6A, even if Mitchell had filed his pro se motion appropriately for SRIN027790, the district court would have been barred from considering it.

and resulting failure to obtain a ruling on such request means his claim is not preserved, and we cannot consider it.

And even if we were to consider the issue preserved, Mitchell has not established good cause to appeal. Our supreme court found that a defendant has good cause to appeal a sentence "that was neither mandatory nor agreed to in the plea bargain." *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020). Mitchell agreed that he had the reasonable ability to pay restitution as part of the plea agreement. Nothing suggests the terms of the plea bargain were not agreed to by Mitchell. And Mitchell makes no claim that his sentence was illegal. Accordingly, we dismiss the appeal.

**APPEAL DISMISSED.**