# IN THE COURT OF APPEALS OF IOWA

No. 22-1315
Filed December 20, 2023

**VAHID ARIA,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Warren County, Randy V. Hefner,
Judge.

Vahid Aria appeals the dismissal of his application for postconviction relief.
**AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney
General, for appellee State.

Considered by Tabor, P.J., Chicchelly, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2023).

**DOYLE, Senior Judge.**

Vahid Aria appeals the dismissal of his application for postconviction relief (PCR) following revocation of his deferred judgment and resentencing on a forgery charge and sentencing on his guilty plea to possession of methamphetamine. He maintains dismissal was improper because the PCR court did not comply with statutory notice requirements under Iowa Code section 822.6(2) (2022). Aria also argues a Double Jeopardy Clause violation in his resentencing because he did not receive credit for the days he was on probation and parole. We conclude the PCR court complied with relevant procedure and there were no other notice requirements. We also conclude Aria's resentencing did not violate the Double Jeopardy Clause as his sentences do not impose punishment greater than intended by the legislature. So we find no merit in Aria's "day for day probationary and parole credit" argument. Finding no error in the dismissal of Aria's PCR application, we affirm.

## I. Background Facts and Proceedings.

In 2016, Aria pleaded guilty to one count of forgery. In exchange for Aria's plea, the district court entered a deferred judgment, dismissed two other counts, and placed Aria on probation to the Fifth Judicial District Department of Correctional Services for two years. Less than three months after being placed on probation, the State charged Aria with possession of methamphetamine. And Aria incurred several written reports of violation of the terms of his probation. Aria stipulated that he had violated the terms of his probation. His deferred judgment and probation were revoked, he was adjudged guilty of forgery and sentenced to five years of incarceration. Aria also pleaded guilty to the possession charge and

was sentenced to ten years of incarceration. The sentences were ordered to be served consecutively.

In 2022, Aria filed his pro se PCR application and brief asserting his sentence was illegal. He argued it violated the Double Jeopardy Clause because he did not receive day for day credit for the time he spent on probation and parole.[1] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits imposing multiple punishments for the same offense. Aria was given permission to apply for court-appointed counsel, and a trial scheduling conference was set. Because of an EDMS outage, the hearing was not held. The PCR court scheduled a hearing to determine whether Aria's PCR application should be summarily dismissed. The court's order cited Iowa Code section 907.3.[2] Aria filed a pro se motion to amend adding more constitutional grounds to his day-for-day-credit argument. A telephone hearing was held. Aria argued his case. The State responded affirmatively when asked by the court if it was going to move for summary judgment. The court warned Aria there was a distinction between the cases he relied on and his factual situation. The court said it would look at the court files and then file a written ruling. The court ordered the State to move for summary judgment. Three days later, the State moved for summary disposition.

---

[1] The record is unclear, but it appears Aria's parole time relates to a drug manufacturing conviction not related to the sentences that are pertinent to the PCR action.

[2] Iowa Code section 907.3 concerns deferred judgments, deferred sentences, or suspended sentences.

Aria did not respond. Two weeks after the State filed its motion, the PCR court entered its ruling summarily dismissing Aria's PCR application. Aria appeals.[3]

## II. Review.

"We normally review postconviction proceedings for errors at law. This includes summary dismissals of applications for postconviction relief. . . . We review postconviction proceedings that raise constitutional infirmities de novo." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011) (internal citations omitted).

## III. Discussion.

*A. Notice of intent to dismiss PCR application.* Aria asserts he did not receive proper notice of the PCR court's intention to dismiss the case under Iowa Code section 822.6(2). Under this section, if a PCR court is inclined to sua sponte dismiss an applicant's application, "the court may indicate to the parties its intention to dismiss the application and the reason for the dismissal." Iowa Code § 822.6(2). In its order setting hearing, the PCR court stated: "A hearing will be set to determine whether Petitioner's application for post-conviction relief should be summarily dismissed. Iowa Code section 907.3." Aria claims a pro se litigant, like him, "would have no idea that the trial court had the authority to sua sponte notify the parties of its intention to dismiss the application for post conviction relief

---

[3] In an all-too-common assertion, Aria states error was preserved by timely filing a notice of appeal. As we have stated over and over—more than sixty times since our published opinion of *State v. Lange*, 831 N.W.2d 844, 846–47 (Iowa Ct. App. 2013)—the filing of a notice of appeal does not preserve error for our review. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation.").

under Iowa Code section 822.6(2)." The flaw in Aria's argument is that his PCR application was not dismissed sua sponte under section 822.6(2). Because the PCR court's dismissal responded to the State's motion for summary disposition, it falls under section 822.6(3), which requires no extra notice like the one in section 822.6(2). Aria was on notice at the hearing and after the State filed its motion that his application could be summarily dismissed. He took no action after the State filed its motion. The PCR court dismissed the application on the merits. We conclude there was no procedural error on the part of the PCR court in dismissing the application.

*B. Parole credit.* Aria also asserts the PCR court erred in denying him day-for-day probationary and parole credit. We first address the parole credit issue. The PCR court addressed only the probation credit issue, not the parole credit issue. It is axiomatic under our error-preservation rules that an issue must not only be raised before the district court, it must also be ruled on before we will decide it on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). If the "district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* There are, of course, exceptions to the rule. For instance, the error-preservation rule generally does not apply "to void, illegal or procedurally defective sentences." *State v. Richardson*, 890 N.W.2d 609, 615 (Iowa 2017). The PCR court considered Aria's application as also requesting correction of an illegal sentence.

It appears from the record that the parole time Aria refers to is for a conviction not related to the sentence he now challenges. We are given no

explanation for how Aria's parole time is in any way relevant to the issue before us. A random mention of an issue, without elaboration or supportive authority, is not enough to raise an issue for review. *See EnviroGas, L.P. v. Cedar Rapids/Linn Cnty. Solid Waste Agency*, 641 N.W.2d 776, 785 (Iowa 2002) (citing *Soo Line R.R. v. Iowa Dep't. of Transp.*, 521 N.W.2d 685, 689 (Iowa 1994)). We do not consider conclusory statements not supported by legal argument. *See, e.g.*, *Baker v. City of Iowa City*, 750 N.W.2d 93, 103 (Iowa 2008) (holding that a party's "conclusory contention" was waived when the party failed to support it with an argument and legal authorities); *State v. Piper*, 663 N.W.2d 894, 913–14 (Iowa 2003); *McCleeary v. Wirtz*, 222 N.W.2d 409, 417 (Iowa 1974) (holding that a "subject will not be considered" where a "random discussion" is not supported by a legal argument and citation to authority); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs."). "When a party, in an appellate brief, fails to state, argue, or cite to authority in support of an issue, the issue may be deemed waived." *State v. Adney*, 639 N.W.2d 246, 250 (Iowa Ct. App. 2001). A party's failure in a brief to cite authority in support of an issue may be deemed waiver of that issue. *See* Iowa R. App. P. 6.903(2)(g)(3) (stating the argument section must include "[a]n argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record . . . [and f]ailure to cite authority in support of an issue may be deemed waiver of that issue"); *see also State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997); *Metro. Jacobson Dev. Venture v. Bd. of Rev. of Des Moines*, 476 N.W.2d 726, 729 (Iowa

Ct. App. 1991). We conclude Aria waived his claim related to the issue of credit for time served on parole. *See State v. Root,* 801 N.W.2d 29, 30 n.1 (Iowa Ct. App. 2011) (finding defendant waived issues because of failure to follow the rules of appellate procedure). Even if not waived, any parole time Aria served was not for the same offense as he was sentenced to after his probation revocation and would therefore not be subject to the protections of the Double Jeopardy Clause.

*C. Probation credit.* We move on to Aria's argument related to a day-for-day credit for probation time served on the forgery charge. It is based on his reading of *State v. Jepsen*, 907 N.W.2d 495 (Iowa 2018). Jepsen was convicted of two counts of sexual abuse, including a forcible felony. *Id.* at 497. His prison sentence was suspended, and a five-year term of probation was ordered. *Id.* After Jepsen served four years and four months on probation, the district court vacated the suspended sentence for illegality[4] and resentenced Jepsen to two concurrent terms of incarceration. *Id.* The district court declined to credit the time spent on probation against the new term of imprisonment. Jepsen cried foul and appealed. The *Jepsen* court held, "when a defendant has been sentenced to a term of probation and is subsequently resentenced to a term of incarceration for the same offense, the Double Jeopardy Clause requires the defendant's new prison term be reduced by one day for each day spent on probation." *Id.* at 504. The court ordered Jepsen's time spent on probation be fully credited against his corrected sentence of incarceration. *Id.*

---

[4] Provisions for deferred judgments, deferred sentences, and suspended sentences do not apply to forcible felonies. Iowa Code § 907.3

Aria readily acknowledges the differences between his situation and Jepsen's. Jepsen received an illegal probationary sentence—a sentence which was not permitted under the Iowa Code. Aria acknowledges he received a legal sentence. The essence of Aria's argument on appeal is that "[t]here really is no logical reason why the dicta in *Jepsen* is not applicable to Aria." The *Jepsen* language he cites is:

> The guarantee under the Double Jeopardy Clause relevant to this case protects against the imposition of punishment greater than that intended by the legislature. Thus, the requirement of a credit under *Pearce* served to guard against the imposition of greater punishment. This constitutional mandate of a credit was not concerned with the risk that it might result in a lesser sentence, but served to guarantee against the risk of a greater sentence. Therefore, this guarantee necessarily accepts the risk of a lesser sentence to ensure the guarantee of no greater sentence. Justice can often be served by a context-specific inquiry, but such an inquiry still needs a meaningful standard that ensures no constitutional violation occurs. A credit that is inherently imprecise and arbitrary can risk both greater and lesser punishment, but the Double Jeopardy Clause does not. It demands a bright-line day-for-day credit that eliminates all risk of greater punishment. Any standard that does less must measure and quantify time by something other than time.

*Id.* at 504.

The State counters that Aria's sentence "is exactly what the legislature intended." It points out that Iowa Code section 907.3(3) provides, "A person so committed who has probation revoked shall not be given credit for such time served."[5] But that statutory provision concerns only situations when the defendant's sentence has been suspended and defendant is placed on probation.

---

[5] The statute provides an exception. "However, a person committed to an alternate jail facility or a community correctional residential treatment facility who has probation revoked shall be given credit for time served in the facility." Iowa Code § 907.3(3).

Iowa Code § 907.3(3). Aria did not receive a suspended sentence. He originally received a deferred judgment and was placed on probation. His probation was later revoked. Iowa Code section 907.3(1), not section 907.3(3), governs deferred judgments. It provides, "Upon a showing that the defendant is not cooperating with the program of probation or is not responding to it, the court may withdraw the defendant from the program, pronounce judgment, and impose any sentence authorized by law." Iowa Code § 907.3(1)(b). Unlike section 907.3(3), there is no mention of probation credits in section 907.3(1). We also note that Iowa Code section 908.11(4) concerning probation violations provides that upon probation revocation "if imposition of sentence was deferred, [the court] may impose any sentence which might originally have been imposed." Iowa Code § 908.11(4). Aria makes no challenge to the constitutionality of the applicable statutes.

Aria's sentence imposed on probation revocation was authorized by law and one that could have been originally imposed. Upon revocation of his probation, Aria was adjudged guilty of forgery, a Class "D" felony. The maximum sentence for a Class "D" felony is five years. Iowa Code § 902.9(1)(e). And that's what the district court imposed after Aria's probation revocation.

We go back to *Jepsen*. Although the language of *Jepsen*'s last holding paragraph, set forth above, can be read broadly, the opinion contains significant limiting language: "When an initial sentence is voided for illegality, any punishments already endured must be credited against the corrected sentence. We hold that all time spent on probation pursuant to a voided sentence must be fully credited against a corrected sentence of incarceration." *Jepsen*, 907 N.W.2d at 497. And "[t]herefore, we conclude that when a defendant's original sentence

is voided for illegality and the defendant is subsequently resentenced without being again convicted, [*North Carolina v.*] *Pearce*, [395 U.S. 711 (1969)], requires courts to fully credit any punishment already endured against the new sentence." *Id.* at 500. Aria acknowledges that *Jepsen* "is particularly problematic for him." Indeed, *Jepsen* is significantly different than Aria's circumstances. Jepsen had an illegal probationary sentence imposed—one not permitted under the Code. Aria acknowledges he received legal sentences. Aria was not resentenced after imposition of an illegal sentence. Aria's deferred judgment and probation were statutorily permitted. His original sentence carried with it the consequences of adjudication of guilt and imposition of a prison sentence if Aria violated the terms of probation.

We will not expand the application of *Jepsen* beyond the circumstances presented in it. We leave it to our supreme court to determine whether its holding in *Jepsen* should be expanded. *See Rosauer Corp. v. Sapp Dev., L.L.C.*, 856 N.W.2d 906, 907 (Iowa 2014) (noting court of appeals "appropriately" deferred to supreme court on expansion of implied warranty). As an intermediate appellate court, "[w]e are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

## IV. Conclusion.

After concluding there was no procedural error on the part of the PCR court in dismissing the application, and that Aria's sentences do not violate the Double Jeopardy Clause, we find Aria's arguments lack merit. We therefore affirm the district court's dismissal of Aria's PCR application.

**AFFIRMED.**