# IN THE COURT OF APPEALS OF IOWA

No. 23-1155
Filed August 21, 2024

**EAST VERNON HEIGHTS ASSOCIATION, INC.,**
Plaintiff-Appellee,

**vs.**

**COBIE BREWSTER,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Lars G. Anderson (order granting summary judgment), Andrew Chappel (order quieting title), and Chad Kepros (order denying motion to reconsider), Judges.

Appellant appeals the district court order granting summary judgment on a quiet title action. **AFFIRMED.**

Cobie Brewster, Cedar Rapids, self-represented appellant.

Steven C. Leidinger of Lynch Dallas, P.C., Cedar Rapids, for appellee.

Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Cobie Brewster appeals the district court ruling that denied reconsideration of the order granting East Vernon Heights Association, Inc.'s motion for summary judgment on their quiet title action. The district court granted summary judgment after Brewster failed to file a resistance to the summary judgment motion. Brewster argues the court should have granted him additional time to respond due to his lack of understanding of Iowa law, disability, and inexperience with the Iowa court system, specifically the Electronic Data Management System (EDMS).

## I. Background Facts and Prior Proceedings

The East Vernon Condominium Association is a non-profit corporation that exists as the owner's association. The Association includes both residential units, common elements, and limited common elements. Each residential unit owner is a mandatory member of the association.

Established in 1974, the "Declaration of Condominium for East Vernon Heights" established garages as "limited common elements to be reserved for the use of a particular Residence Unit from time to time." The fifth amendment filed of record in March 1984, provided:

> After assignment by the Developers to an owner or owners of a Residence Unit, the right to use a garage shall be an appurtenance to said Residence Unit. As to such garage, a unit owner may only: (a) transfer the right to use such garage to a purchaser, lessee, donee, or legatee (or heirs at law) of his unit, (b) transfer the right to use said garage to another unit owner, or relinquish the right to use said garage to the association.

Article IV of the declaration sets out the interests of residents in common elements:

> The owner of each Residence Unit shall also own as an appurtenance thereto an undivided one-twelfth interest and share in

A. The lands and other common elements of the regime, both limited and general[,] . . . notwithstanding any exclusive right of use of any limited common element which may be appurtenant to a particular Residence Unit.

In other words, no individual owner of a residential unit owns a garage. Rather, the unit owner has a right to use a garage, which like other common elements, is owned collectively.

On June 8, 2017, the Linn County treasurer purportedly transferred ownership of Garage N-8 to Home Investors 124, LC. On the same day, the Linn County Treasurer purportedly transferred ownership of Garage N-12 to OHP 160, LC. Both garages were transferred pursuant to a tax sale deed. Neither Home Investors 124 LC nor OHP 160 LC owned a unit at the time of the transfer. In 2021, Brewster received quitclaim deeds for the two garages, N-8 and N-12, from Home Investors 124 LC and OHP 160, LC, respectively. Brewster has never owned a residential unit in the Association.

The Association brought this action to quiet title as to the garages against Brewster. Brewster registered for EDMS early in the case proceedings. In its quiet title action, the Association argued Brewster's possession of the garages was unauthorized under the Condominium's declaration. The Association moved for summary judgment. Despite a notification regarding a required response from Brewster, he did not file a resistance to the summary judgment motion. The district court, relying on the unresisted facts set out by the Association, granted the motion for summary judgment. In the subsequent order quieting title, the court stated, "On June 16, 2023, this Court entered an Order granting Petitioner's Motion for

Summary Judgment, as unresisted, with entry of judgment consistent with the relief sought in the Petition and Petitioner's Motion for Summary Judgment to follow."

Brewster subsequently filed an unspecified motion, which the court treated as a motion to reconsider. Brewster argued he was not notified of the motion for summary judgment. The court denied Brewster's motion. Brewster appeals.

## II. Standard of Review

Although actions to quiet title are in equity and reviewable de novo, we review the court's order for summary judgment for correction of errors at law. *Moser v. Thorp Sales Corp.*, 312 N.W.2d 881, 886 (Iowa 1981).

## III. Discussion

Brewster argues the district court erred in granting the Association's motion for summary judgment because he had "no knowledge, no insight on Iowa law procedures[,] . . . no counsel preparing him for Iowa procedures, processes, or its e-filing system."

Brewster represented himself for the proceedings. In considering the arguments of an unrepresented party "[w]e do not utilize a deferential standard when persons choose to represent themselves." *Metro. Jacobson Dev. Venture v. Bd. of Rev. of Des Moines*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991). Further "[t]he law does not judge by two standards, one for lawyers and the other for lay persons. Rather, all are expected to act with equal competence. If lay persons choose to proceed *pro se*, they do so at their own risk." *Id.* Because of this, we consider Brewster's arguments with the same scrutiny whether he had legal representation or not. *See id.*

Brewster primarily argues that he did not know Iowa's procedure, but Brewster "acted as his own lawyer and knowingly took on the risks associated with *pro se* representation." *State v. Johnson*, 756 N.W.2d 682, 688 (Iowa 2008). And Brewster is a registered user of EDMS and received notice of the Association's motion under the Iowa Rules. Iowa Rule of Electronic Procedure 16.315(1)(b) states:

> When a document is electronically filed, EDMS serves the document on all parties who are registered filers. Service occurs by the posting of a notice of electronic filing or presentation into the filer's EDMS account along with a link to the document or documents presented or filed. The posting of the notice of electronic filing or presentation constitutes service of the document for purposes of the Iowa Court Rules. No other service on those parties is required.

After the summary judgment motion was filed, Brewster was informed that "[i]f no resistance is filed within fifteen days from the time when a copy of the motion was served, unless otherwise ordered by the court, the Motion for Summary Judgment may be granted without further notice to the parties."

Summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Banwart v. 50th St. Sports, L.L.C.*, 910 N.W.2d 540, 544 (Iowa 2018) (quoting Iowa R. Civ. P. 1.981(3)). There is a genuine issue of material fact when reasonable minds could differ on how the issue should be resolved, and "[a] fact is material when it might affect the outcome of a lawsuit." *Id.* It is the burden of the moving party to show summary judgment is appropriate, but "the nonmoving party may not rest upon the mere allegations of his pleading but must set forth specific facts showing the existence of a genuine

issue for trial." *Hlubek v. Pelecky*, 701 N.W.2d 93, 95 (Iowa 2005). Even still, "[a] failure to file a resistance to a motion for summary judgment . . . is fatal only if the movant has sustained its burden of proof." *In re Eickman's Est.*, 291 N.W.2d 308, 312 (Iowa 1980).

Brewster never filed a resistance to the Association's motion for summary judgment. The district court relied on the record, which shows that the Declaration of Condominium established the garages as limited common elements and restricted their transfer. The condominium was also established under the Iowa Code chapter 499B, which includes sections governing common elements. Iowa Code § 499B.7 (2023). This section states:

> Any conveyance, encumbrance, lien, alienation, or devise of an apartment under a horizontal property regime by any instrument which describes the land and apartment as set forth in section 499B.4 shall also convey, encumber, alienate, devise, or be a lien upon the fractional or percentage interest appurtenant to each such apartment under section 499B.4, subsection 6, to the general common elements, and the respective share or percentage interest to limited common elements where applicable, whether such general common elements or limited common elements are described as in section 499B.4, subsections 4 and 5, by general reference only, or not at all.

Brewster presented no evidence to create a question of fact here. *See Bitner v. Ottumwa Cmty. Sch. Dist.*, 549 N.W.2d 295, 300 (Iowa 1996) ("The party resisting a motion for summary judgment must set forth specific facts to support the claim and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986))). And on appeal, Brewster only argues that he should be given different treatment than an attorney, given his self-represented litigant status. Although, "the failure to file a

timely resistance, standing alone, is not sufficient reason to grant summary judgment," the Association laid out sufficient facts for summary judgment that the district court adopted. *Watson-Boehmer v. City of Winterset*, No. 00-0196, 2001 WL 427340, at *2 (Iowa Ct. App. Apr. 27, 2001) ("If no resistance is filed, the party takes the risk of standing on the record established by the moving party."). The district court properly granted summary judgment.

**AFFIRMED.**