# IN THE COURT OF APPEALS OF IOWA

No. 23-1424
Filed January 9, 2025

**TERRY TOBIAS COBBINS JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Marion County, Dustria A. Relph,

Judge.


    A postconviction-relief (PCR) applicant appeals the district court's order

granting the State's motion for summary disposition of his PCR application.

**AFFIRMED.**


    Karmen Anderson, Des Moines, for appellant.

    Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee State.


    Considered by Schumacher, P.J., Sandy, J., and Carr, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2025).

**CARR, Senior Judge.**

Terry Tobias Cobbins Jr. appeals the district court order granting the State's motion for summary disposition of his third application for postconviction relief (PCR). He argues the district court erred in dismissing out his claims in a pre-answer motion to dismiss. We affirm.

## I. Background Facts and Proceedings

In 2012, Cobbins was convicted of first-degree murder for his involvement in a 2011 murder-for-hire scheme that caused the death of Theresa Miller. *State v. Cobbins*, No. 12-0857, 2013 WL 6405461, at *1–3 (Iowa Ct. App. Dec. 5, 2013). Cobbins's boss, Mike Miller, hired him to kill his wife so Miller could continue his relationship with his girlfriend. *Id.* Cobbins appealed his conviction. *Id.* On appeal, he challenged the sufficiency of the evidence, alleged ineffective assistance of counsel, and raised an evidentiary challenge. *Id.* at *4–9.

In March 2014, Cobbins filed his first PCR application which, as amended, alleged several claims of ineffective assistance of counsel at the trial and appellate levels. The district court denied the application and, finding no prejudice by any alleged trial counsel failures, we affirmed. *Cobbins v. State*, No. 16-1204, 2017 WL 3279146, at *3 (Iowa Ct. App. Aug. 2, 2017).

In November 2019, Cobbins filed his second PCR application, which alleged ineffective assistance of trial and appellate counsel. The State moved for summary dismissal, and the district court granted that motion following a hearing. The district court found the PCR application was untimely and filed outside the statute of limitations. Cobbins appealed the dismissal, arguing that recent statutory changes to Iowa Code section 822.3 (2019) were unconstitutional. *Cobbins v.*

*State*, No. 23-0356, 2024 WL960362, at *1 (Iowa Ct. App. Mar. 6, 2024). We affirmed, finding Cobbins had not preserved error on his constitutional claim. *Id.* at *1–2.

Cobbins filed his third PCR application on May 24, 2023. He alleged his attorney failed to "represent/provide specific evidence based upon my case during a seven day trial according to Iowa Code [section] 404(b). My lawyer failed to suppress evidence before my trial and during trial that was needed to be used during trial." (Cleaned up.) The State filed a combined answer and motion for summary disposition, arguing the application was time-barred under Iowa Code section 822.3 (2023) and the doctrine of res judicata. The district court granted the motion for summary disposition during the August 24, 2023 hearing. Cobbins now appeals.

## II. Standard of Review

We review rulings on PCR applications for correction of errors at law. *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). And we also review a district court's ruling on a statute of limitations defense and a motion to dismiss for correction of errors at law. *Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013).

## III. Discussion

A PCR application "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. We denied Cobbins relief on his direct appeal on December 5, 2013. *Cobbins*, 2013 WL 6405461, at *1. Procedendo issued on February 14, 2014. This allowed him until February 14, 2017, to file a PCR application. Iowa Code § 822.3. Cobbins filed the PCR

application at issue in this appeal on May 24, 2023—over six years after the three-year limitations period expired.

Cobbins argues an exception to the bar under section 822.3 applies to this application. Under section 822.3,

> this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period. For purposes of this section, a ground of fact includes the results of DNA profiling ordered pursuant to an application filed under section 81.10.
> An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods.

Section 822.3 directly bars Cobbins's claims in this appeal, but he argues that because he filed his application pro se, his counsel should have been given "opportunity to conduct a meaningful investigation" "to identify and articulate potential claims" that may have arisen after the statute of limitations.

The problem with this argument is that we judge his filings "by the same standard as a brief filed by an Iowa lawyer." *In re Est. of DeTar*, 572 N.W.2d 178, 180 (Iowa Ct. App. 1997) (citing *Metro. Jacobson Dev. Venture v. Bd. of Rev. of Des Moines*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991)). And even if we "liberally construe" Cobbins's application as he suggests, his application does not even vaguely allude to a potential ground of law or fact that would have arisen after the applicable limitations period. At the hearing, Cobbins's attorney admitted he did not have knowledge of any new legal or factual basis on which to base his application: "[Cobbins] really does not have the ability to do the investigation or research to determine if there are new issues to raise in the case." Cobbins urges us to provide "some leeway" in his "precision in draftsmanship," but his

application's shortcomings are faults in its substance, not in its form. The fishing expedition he seeks to conduct could have been pursued at any time during the applicable statutory period.

Garca's claims all relate to the conduct of his criminal trial, including claims of ineffective assistance of trial counsel. His direct appeal from the resulting conviction was decided eleven years ago, and his three year time bar became effective eight years ago. All his present complaints were known or knowable well before the statute ran. Like the PCR applicant in *Dible*, he has "failed to establish a 'ground of fact' that could not have been raised within the three year period." *Dible v. State*, 557 N.W.2d 881, 884–85 (Iowa 1996), *abrogated on other grounds by Harrington v. State,* 659 N.W.2d 509, 520–22 (Iowa 2003). So Cobbins's claims are on their face barred under section 822.3.

Lastly, Cobbins argues his application should be subject to equitable tolling. We agree with the State that this argument has not been preserved for our review because the district court did not rule on it. Even so, we have "frequently held that equitable tolling does not apply to section 822.3." *See Smith v. State*, No. 19-0384, 2020 WL 110398, at *1 & n.2 (Iowa Ct. App. Jan. 9, 2020) (collecting cases).

We affirm the district court's grant of summary disposition on Cobbins's PCR application.

**AFFIRMED.**